Missouri, Kansas and Texas Railway Company of Texas et al. v. Williams and Scoggin.

Decided June 30, 1906.

**1.—Shipment of Cattle—Delays—Measure of Damage—Unintelligible Charge—Cook v. Wootters, 42 Texas, 296, Criticised.**

In a suit for damage to a shipment of cattle caused by delay in transporting them, the charge of the court upon the measure of damage was unintelligible; no exception was taken to the charge and no counter–instruction asked by appellant. Held, the rule announced in Cook v. Wootters, 42 Texas, 296, that such error is not ground for reversal "unless it clearly appeared that the jury were misled by the charge given and complained of," is not supported by authority. It is the duty of the Appellate Court to reverse for error plainly appearing, unless it can be said from a consideration of the entire record that injury to the complaining party did not result.

**2.—Same—Shrinkage of Cattle—Conflicting Testimony.**

Where the testimony of disinterested witnesses who actually weighed the cattle in controversy at the point of shipment and at destination was widely variant from that of witnesses who testified as experts upon hypothetical questions as to the probable shrinkage of cattle under similar circumstances, and the verdict was contrary to the testimony as to the actual shrinkage, the Appellate Court can not say that an error in the charge of the trial court upon the measure of damage was not prejudicial to appellant.

**3.—Privileged Communication—Corporation—Attorney.**

A letter between the general attorney of a corporation and the local attorney of such corporation, concerning an issue on the trial, is a privileged communication.

**4.—Letter of Agent—Market Values—Incompetent Evidence.**

A letter and telegram from plaintiff's agent at the stock yards are incompetent evidence of market values at the times stated therein.

**5.—Taking Depositions—Notice of Date.**

Where the agent of the opposite party appeared at the time and place stated for taking the deposition of a witness, but the taking of such deposition was postponed to a later date without objection on the part of such agent, the postponement is not ground for quashing the deposition.

**6.—Transcript—Superfluous Matter—Cost.**

When the transcript contains superfluous matter not made the basis of any assignment of error the extra cost of such matter will be taxed against the appellant.

Appeal from the County Court of Mitchell County.   Tried below before Hon. W. B. Crockett.

*T. S. Miller* and *Whitaker & Gibbs,* for appellants.—Where the court charges the jury on the main issue in the case, and in giving such charge, gives it in such a manner that it can not be comprehended by the jury, it is error.   Acts of 1903, p. 55; Chambee v. Tarbox, 27 Texas, 145; Beazley v. Denson, 40 Texas, 433; Gulf, C. & S. F. Ry. Co. v. Stanley, 89 Texas, 44; St. Louis S. W. Ry. Co. of Texas v. Smith, 32 S. W. Rep., 828; Houston, T. C. Ry. Co. v. Williams, 31 S. W. Rep., 559.

Where a witness testifies by deposition and his evidence is undisputed, the jury can not disregard his testimony.   Thorn's Heirs v. Frazer's Heirs, 60 Texas, 260; Henderson v. Jones, 1 Texas Law Review, 356.

*Ed. J. Hamner,* for appellees.

CONNER, CHIEF JUSTICE.—Appellees instituted this suit against appellants and the Texas and Pacific Railway Company, for damages in the sum of $1,000, on the ground of alleged negligent delays in the transportation of 333 cattle from Colorado City, Texas, to Kansas City, Missouri.   The shipment was via the Texas and Pacific Railway to Fort Worth, Texas, where the M., K. & T. Ry. Co. of Texas received the cattle and transported them to Denison, Texas, at which latter point they were delivered to the M., K. & T. Ry. Co., which completed the shipment.   The trial resulted in a judgment for appellees against the Texas & Pacific Railway Company for the sum of $50; against the Missouri, Kansas & Texas Railway Company of Texas for $316.66 2-3; and against the Missouri, Kansas & Texas Railway Company for $633.33 1-3. The latter two companies alone appeal.

Complaint is first made of the court's charge upon the measure of damages.   The charge is in the following words:   "The measure of damages in this case is the difference between the market value of these cattle in Kansas City in the condition and at the time in which they should have arrived there, the difference in and their market value at the time and in the condition in which they should have arrived there, transported with ordinary diligence."   That this charge fails to give the proper measure of damages and is unintelligible is conceded.   Appellees insist, however, upon the authority of Cook v. Wootters, 42 Texas, 296,

that inasmuch as no exception was taken to the charge and no counter instruction asked on behalf of appellants, that the error will not be sufficient ground for the reversal of the judgment "unless it clearly appeared that the jury were misled by the charge given and complained of." The language to this effect used in the case of Cook v. Wootters was not necessary to the decision and evidently not intended as an announcement of the general rule, or if so, is not supported by a single case therein cited in support of the decision. On the contrary, we think the cases cited support the rule which we understand to be now well established, that the duty of the Appellate Court is to reverse for error plainly appearing, unless it can be said from a consideration of the entire record that injury to the complaining party did not result. A careful consideration of the record in the light of this rule impels the conclusion that the judgment should be set aside.

The evidence shows that the cattle were delivered in the Ft. Worth Stock Yards at 11:30 a. m. on Tuesday, December 14, 1904, and were not shipped out from this point on the M. K. & T. Railway of Texas until about 2 o'clock p. m. of the next day. This delay constituted one of the principal delays of the shipment after leaving Colorado City. The cattle were fed and watered at Fort Worth; the trainmen testify to careful handling; and E. B. Carver, who sold the cattle in Kansas City for appellees, testified that they arrived in "fair condition." Appellees' evidence on the issue of damages is that of expert witnesses only, and it also appears that Sam McLaughlin, the sole agent of the appellees in charge of the cattle in question from Fort Worth to Kansas City, was not called as a witness. J. M. Williams, one of the appellees, and whose testimony is perhaps most favorable to them, testified as an expert that the unnatural shrinkage of the cattle, because of the delays shown, "over and above what they would have shrunk had they been transported with reasonable care, diligence and dispatch, was from forty to fifty pounds per head, and that this unnatural shrinkage would cause them to sell from fifteen to twenty-five cents per cwt. less." He also testified that "the market at Kansas City on Friday, the day the cattle were sold, was from fifteen to twenty cents per cwt. less than it was on Thursday, the day they should have been sold." Damages estimated upon this testimony as a basis, will doubtless be found to equal the verdict as appellees urge. Appellants, however, proved by the deposition of J. Conway that he weighed the 333 cattle at Fort Worth immediately preceding their delivery to the stock yards; that their net weight was 240,100 pounds, or an average of 721 pounds each. Appellants also proved by the deposition of E. B. Carver that he weighed 331 head of appellee's cattle at Kansas City after they were fed and watered at that point; that they then weighed 242,015 pounds, or an average of 731. W. Lake Henry testified that he also weighed 329 head of the cattle at Kansas City; and that the weight was 239,440 pounds, or an average of 728 pounds. Appellee Williams testified that the reasonable "fill" on cattle such as those involved in this controversy at Fort Worth would be from fifteen to twenty pounds. He also testified that a reasonable and natural shrinkage on cattle transported from Fort Worth to Kansas City was "from no pounds to forty pounds." If this testimony as to actual weights be accepted, and it is uncontradicted, ap-

pellees' cattle in the transportation from Fort Worth to Kansas City could not have depreciated in weight, disregarding all natural shrinkage, more than ten pounds. If the damages be estimated upon the basis of a ten-pound loss upon each animal shipped from Fort Worth to Kansas City, and upon a depreciated selling price of twenty-five cents per cwt. arising from this cause, and of a decline in the market of fifteen cents per cwt., as testified by the witness Williams, the verdict and judgment are largely excessive. Appellees insist that the jury had the right to disregard the testimony of the witness Conway. He testified, however, by deposition; he is not shown to be an employe of either of the appellant companies; and no reason appears of record why his testimony should be disregarded. Neither his testimony nor that of the witnesses Carver and Henry is contradicted except by the testimony of experts, who did not accompany the cattle beyond Ft. Worth, to the effect that in their opinion delays of the hours shown and embodied in the hypothetical questions would result in depreciated weights as stated by them. Mere opinions, even of experts, are usually attended with some degree of uncertainty, and the evidence in this case as a whole is such as to make it doubtful if the jury reached the right result. It was at least important to the rights of the appellants that the court should not improperly instruct the jury upon the measure of damages. Revised Statutes, article 1317, requires the court to charge the jury "the law arising on the facts," and we feel unable to say that the charge given was not misleading and prejudicial.

Several other questions should perhaps be noticed. The court, over the objection that it was a privileged communication, compelled appellants' local counsel to give in testimony the contents of a letter received by him from appellants' general attorney relating to an issue arising on the trial. Under the circumstances shown, we fail to see why the contents of the letter were not privileged within the meaning of the general rule on the subject. The general attorney, it is true, was not the corporation, but a corporation can act only by its officers and he was the officer having general supervision and control of all litigation, including this; he employed the counsel testifying, and it would seem that in relation to the matter under consideration, the general attorney would be the *alter ego* of the corporation, and that hence the communications between him and local counsel would be in the nature of privileged communications. (1 Green. Ev., sec. 237.)

We think also that the telegram and letter of appellees' agent at Kansas City, incompetent evidence of market values at the times stated therein. (See Western U. Tel. Co. v. Bradford, 14 Texas Ct. Rep., 1006.)

No error appears in the action of the court in overruling appellants' motion to quash the depositions of W. Lake Henry and E. B. Carver. Appellants had full five days notice of the time and place of taking the deposition. The fact that the notary who took them did not do so at the time she stated in the notice given to appellants' counsel that they would be taken, seems wholly immaterial in view of the further fact that one of appellants' agents attended before the notary on the day specified in the notice and no objection appears to have been made to a postponement. It appears that the transcript contains pleas of privilege and certain bills of exception not made the basis of any assignment of

crror, and appellees pray that the costs thereof be taxed against appellants. We think the motion therefore should be granted. The rules provide for the elimination of all such useless matter, and we think the party so encumbering the record of a cause on appeal should at least be required to pay the costs relating to the same. Appellants are therefore taxed with the cost of the motion of the redundant matter specified therein. Judgment reversed and cause remanded.

*Reversed and remanded.*