## RICHARD MORAN *vs.* E. FREDERICK MURPHY.

Suffolk.   March 5, 1918. — March 6, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Appeal.

An appeal in an action at law under R. L. c. 173, § 96, as amended, brings before this court only errors "founded upon matter of law apparent on the record."

Where on an appeal to this court in an action of law there was appended to the record and printed as a part of the appeal what purported to be a copy of all the evidence in the case, it was *held* that this constituted no part of the record and could not be considered by the court.

TORT against a physician for negligently giving a false opinion in writing that a certain Delia Harkins, to whom the plaintiff had been engaged to be married, was pregnant, by reason of which the plaintiff was arrested on a complaint of Delia Harkins charging him with getting her with child, whereas Delia Harkins was not pregnant at the time that the defendant made his examination of her.   Writ dated May 8, 1916.

In the Superior Court the case was heard by *Hardy,* J., without a jury.   He found for the defendant.   The plaintiff appealed from the decision.   The defendant moved that the plaintiff's appeal be dismissed and that judgment be entered on the finding.   The motion was granted and it was ordered by the judge that judgment be entered for the defendant.   The plaintiff appealed "from the decision of the court in ordering that judgment be entered for the defendant."

The case was submitted on a brief by the plaintiff.

*J. J. Kelly,* for the plaintiff.

*W. Flaherty,* for the defendant, submitted the case without brief or argument.

BY THE COURT.   This case comes before us on appeal from a judgment in favor of the defendant.   It is an action at law.   An appeal in an action at law under R. L. c. 173, § 96, as amended, brings before the full court for examination errors "founded upon matter of law apparent on the record."   The writ, declaration, answer, finding in favor of defendant, motion for judgment and

allowance thereof, and the appeal of plaintiff, in the case at bar constitute the record. Manifestly they disclose no error of law.

There is printed as a part of this appeal what purports to be a copy of all the evidence. That is no part of the record. The only way to bring the material evidence before this court in an action at law is by exceptions or by report. No exceptions appear to have been taken. There is no report by the judge who tried the case. *Given* v. *Johnson,* 213 Mass. 251. *Regal* v. *Lyon,* 212 Mass. 230. *Cressey* v. *Cressey,* 213 Mass. 191.

*Judgment affirmed.*