ALLAN J. McNEIL *vs.* MIDDLESEX AND BOSTON STREET RAILWAY COMPANY.

Middlesex.    March 5, 1919. — June 24, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway.  *Practice, Civil,* Requests and rulings, Appeal, Exceptions, Interrogatories.  *Evidence,* In rebuttal.

Where, at the trial of an action of tort against a street railway company for damages to the plaintiff's property alleged to have resulted from a collision of a team of the plaintiff with a street car of the defendant, the evidence on the question of liability is conflicting, a ruling, that on all the evidence the plaintiff was entitled to recover, must be denied.

At such a trial the judge need not give a ruling, that "there is no absolute rule of law that a person driving across a street in a city, in crossing the tracks of a street railway in a public street where the cars have not an exclusive right of way . . . must look and listen for an approaching car before entering upon the tracks of the electric railway," even if it is a correct statement of the law, especially where it appears that the driver of the plaintiff's team testified that he did look for a car before crossing the defendant's tracks and did not see one until it was six feet from him.

A request for a ruling, which assumes as true a fact as to which the evidence is conflicting, need not be given.

Where, at the trial above described, the plaintiff was permitted to testify as to the value of his property before and after the accident, he is not harmed by not being permitted to ask his driver how much the horse depreciated in value because of the accident nor by not being permitted himself to testify how much a new horse cost.

Where, in direct examination of the plaintiff's driver at the trial above described, he had testified that the street car struck his left rear wheel, an exception to a refusal to permit the same witness to be asked in rebuttal whether the street car struck the front of the wagon must be overruled, the subject matter of the question being a part of the plaintiff's case in chief and its exclusion in rebuttal being a matter of discretion.

*Whether* an appeal will lie from orders denying a motion that a defendant disclose the names and addresses of his witnesses and a motion to amend the record so that it would show that a motion for further answers to interrogatories was denied, was not determined; but it *was stated* that exceptions were recognized as a preferable way of presenting such questions.

The granting of a motion, that a defendant in an action of tort against a street railway company for damages to the plaintiff's property caused by a collision of a horse and wagon with a street car of the defendant, disclose to the plaintiff the names and addresses of its witnesses, is, by St. 1913, c. 815, § 3, a matter of discretion, and an exception to a denial of the motion must be overruled.

An exception to the denial of a motion to amend a record, where the evidence as to the correctness of the record is conflicting, must be overruled.

Tort for injury to the plaintiff's horse and milk wagon and the contents of the wagon, alleged to have been caused by a collision with a street car of the defendant resulting from negligence of the motorman of the car. Writ dated September 8, 1913.

Action as to certain motions of the plaintiff relating to interrogatories of the plaintiff and answers thereto, from which the plaintiff appealed, is described in the opinion.

The case was tried before *Keating*, J. The material evidence is described in the opinion. At the close of the evidence, the plaintiff asked for and the judge refused the following rulings:

"1. Upon all the evidence in the case the plaintiff is entitled to recover.

"2. Ordinarily the questions of due care of the plaintiff and negligence of the defendant are issues of fact for the jury.

"3. There is no absolute rule of law that a person driving across a street in a city, in crossing the tracks of a street railway in a public street where the cars have not an exclusive right of way, but are run in common with other vehicles and with travellers, must look and listen for an approaching car before entering upon the tracks of the electric railway.

"4. If the jury find that the defendant's car struck the plaintiff's team at the foot of a hill, while the car was going at an excessive rate of speed and was crossing the junction of Bowen Street and Gibbs Street, and while the driver of the team was driving in the public street across said railway track from Bowen Street to Gibbs Street, they will be warranted in finding that the defendant was negligent.

"5. If the jury find that the accident was caused by the negligence of the defendant while the plaintiff was in the exercise of due care and that the plaintiff's horse, wagon and contents were damaged as a direct result of the accident, the plaintiff is entitled

to recover therefor the difference between the value of each immediately prior to the accident and the value of each after the accident as affected by the accident."

The jury found for the defendant; and the plaintiff alleged exceptions.

A motion to amend the record, filed after the verdict, described in the opinion, was heard by *Hall*, J., and was denied. From the order denying the motion the plaintiff appealed, and also alleged an exception.

*H. B. Mackintosh*, for the plaintiff.

*P. F. Drew*, for the defendant.

CARROLL, J. The plaintiff sues to recover for injury to his horse, milk wagon and contents, caused by a collision with one of the defendant's cars. The evidence was conflicting. The plaintiff contended that, while driving at the rate of four miles an hour from an intersecting street across the defendant's tracks, one of its cars moving at a rapid rate of speed and without any signal of its approach ran into his team. The defendant contended that the plaintiff's horse was going at a high rate of speed, and that the car had stopped when the plaintiff's wagon was driven over the fender. The jury found for the defendant.

The case properly was submitted to the jury. The plaintiff's first request could not have been given rightly; the questions raised by the second request were left to the jury. The judge instructed the jury regarding the duties of the plaintiff and of the defendant. No exception was taken to his charge.

He was not required to give the plaintiff's third request, even if it be assumed to be a correct statement of law. In addition to this, the driver of the team testified that before crossing the track he looked in the direction from which the car was coming and did not see any car; that he first saw the car when it was about six feet from him. With this evidence in the case the request was not appropriate. *Howes* v. *Grush*, 131 Mass. 207, 211. *Coles* v. *Boston & Maine Railroad*, 223 Mass. 408, 416. *Hooper* v. *Cuneo*, 227 Mass. 37, 40, and cases cited.

The fourth request was based on the speed of the car. The judge could not adopt the plaintiff's language emphasizing the fact that the car was going at a high rate of speed. That fact was disputed; and as the jury were fully instructed on the point

there was no error in refusing the request. *Altavilla* v. *Old Colony Street Railway*, 222 Mass. 322.

The fifth request relates to the question of damages. The jury were carefully instructed on this question.

There was no reversible error in excluding the question asked the plaintiff's driver, as to how much the horse had depreciated in value by reason of the accident; or the question asked the plaintiff, — "How much did the new horse cost?" The plaintiff was not harmed thereby: he was permitted to testify how much his property was worth before and after the accident.

In direct examination the driver of the team testified that the car struck the left rear wheel of the plaintiff's wagon. In rebuttal he was asked if the car struck the front of the wagon. This evidence was excluded, and the plaintiff excepted. There was no error in excluding the evidence offered in rebuttal. It was a part of the plaintiff's case in chief, and it was within the discretion of the trial judge to exclude it when offered in rebuttal. *Jewett* v. *Boston Elevated Railway*, 219 Mass. 528, 532. In addition to this, the plaintiff testified in rebuttal that "He could n't see a scar on the front wheel and that there was no evidence that it was struck." See *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412.

The plaintiff filed interrogatories to be answered by the defendant; and moved that the defendant be ordered to "expunge, amend, and answer" certain interrogatories, and to disclose the names of the defendant's witnesses and their addresses. It appeared that Interrogatories 4, 5, 10, 11 and 21 were ordered to be further answered "by consent and order," and that the motion to disclose the names and addresses of witnesses was denied. It is not shown that there was any further order of the court in reference to Interrogatories 17, 19 and 24. The plaintiff appealed from so much of the order as refused the motion seeking to have the defendant further answer Interrogatories 17, 19 and 24, and to disclose the names and addresses of witnesses. If it be assumed in favor of the plaintiff that questions of this sort can be raised by appeal and not alone by exceptions, which in any event is the preferable and well recognized way of presenting such questions, *Brooks* v. *Shaw*, 197 Mass. 376, no error is shown. An appeal in an action at law brings before the court only errors

of law apparent on the record. *Moran* v. *Murphy,* 230 Mass. 5. There is no error of law apparent on this record. It is not shown that any order was entered directing the defendant or refusing to direct the defendant to answer further the three interrogatories referred to, and the request for the names and addresses of witnesses was a matter largely within the discrction of the trial court. It is only when "justice seems to require it" that a party is to disclose the names and addresses of his witnesses. See, in this connection, St. 1913, c. 815, § 3. *Looney* v. *Saltonstall,* 212 Mass. 69, 72. *Nickerson* v. *Glines,* 220 Mass. 333.

After the case was tried and a verdict was returned, the plaintiff moved to amend the record so as to read, that the court refused to order "expunged, amended, and further answered Interrogatories 17, 19 and 24" the court having denied the motion, from which order denying the motion the plaintiff appealed. He also filed a bill of exceptions. Here again assuming, but without deciding, that the plaintiff can raise the question by appeal, no error of law is shown. *Moran* v. *Murphy, supra.*

The exceptions must be overruled. The assistant clerk testified that, if the court had refused to order the interrogatories to be further answered, this order would have appeared on the record. The judge was not bound to believe the evidence offered by the plaintiff.

*Exceptions overruled.*
*Appeal dismissed.*