This is a pure bill for discovery, in which complainant seeks to compel defendant to disclose the identity, names and *Page 143 
addresses of the fellow employees of her deceased husband in one of the departments of defendant on a certain date. On that date complainant contends that her husband was seriously injured in the shop of defendant, and subsequently died from the injuries. She has a claim based on the alleged accident before the Workmen's Compensation Court. Complainant has come to this court to require the disclosure of this information. Complainant states that she is ignorant of the names of the fellow employees in the shop at the time of the accident, and that, in order to secure compensation, it is necessary that she prove the fact of the accident, which otherwise she cannot do.
It will be noted that the information sought by this bill of discovery is not for the purpose of compelling defendant to disclose facts which will be relevant evidence to prove her case before the Workmen's Compensation Court. If the prayer of the bill be granted, all that complainant would secure would be a list of names of persons among whom she might be able to secure witnesses who might testify in her favor. In other words, the relief sought is not to make discovery of matters and things material to the issues before the Compensation Court. I do not consider that such a bill can be sustained. The purpose of a bill of discovery, whether incidental to an issue triable in this court or a pure bill of discovery brought in aid of a suit not in the court, is to compel defendant to disclose facts within his knowledge, which, when stated by defendant, will be evidence material to the issues. A mere roving commission to inspect the records of defendant in the hope of finding something useful will not be countenanced.
In Condict v. Wood, 25 N.J. Law 319, it was held that an inspection of books, papers and documents would only be granted where it was shown that the documents sought to be inspected contained evidence, and also that the evidence was material.
To the same effect is Cameron v. International Alliance, c., 114 N.J. Eq. 495.
The principles underlying the right of discovery are set forth in Phillips v. Interstate Hosiery Mills, Inc., 111 N.J. *Page 144 Eq. 432. Here a petition for a discovery in a suit pending in the Court of Chancery was denied, the court saying:
"Furthermore, the petition is devoid of a single allegation that the books, records, and documents therein referred to contain any evidence which is material or relevant to the merits of their suit, or even that the information which defendants are charged with having `practically entirely under their control' is contained or may be found in any of the books, records, or documents sought to be inspected. It fails to state the nature or character of the information desired, or that the books and records in question contain entries with respect thereto, or that such data or information, even if therein found, is material or relevant to the merits of their case.
"In addition to all of the foregoing, not only are all of the allegations of the petition made on information and belief, but the facts or circumstances upon which that belief is based or entertained are not even stated. The conclusions of the affiant and not the facts are all that it sets forth. It fails to indicate how or in what manner any of the data or information contained in the books and documents referred to is pertinent or material to complainants' case; or to state any other facts from which the court can judge for itself of the relevancy and materiality of such data or information and the propriety of granting or denying the application."
The bill now before the court seeks solely the names and addresses of fellow employees of the husband of complainant. Obviously, the fact that certain people were employees of defendant at the time and place of the alleged accident is not material to the proof of complainant's case. If she had the list she might or might not find among them witnesses who could testify in aid of her claim.
The relief sought here is too remote from the issues involved in the claim and, accordingly, the bill must be dismissed. *Page 145