ENO, J.
This is an action of contract in which-the plaintiff seeks to recover the sum of $528.87 for *[125] money had and received August 19, 1949, with interest of $19.09, or a total of $547.96. The answer is a general denial. It was tried together with a cross action between the same parties (see A. D. #4485).
At the trial there was evidence tending to show that the plaintiff engaged the defendant to complete certain work and supply certain materials to complete a house ready to move into, situated at 18 Lena Road, in West Natick; that the plaintiff had purchased it unfinished from the Natick Five Cents Savings Bank May 24, 1949; that the house was to be completed substantially like the house of one Chamberlain nearby that had been constructed by the defendant.
The price according to the plaintiff was to be $4000.00 plus certain extras amounting to $440.95, making a total cost of $4440.95, while the defendant claims is was $4300.00, plus extras of $669.82 or a total of $4969.82. The sum of. $193.95 claimed in the cross action is in addition to the above amounts. There was much conflicting testimony as to what was included in the contract price.
The defendant testified that he went to work in the early part of May and on or about May 21, 1949, he submitted to the plaintiff for his approval a building contract dated May 21, 1949, which was never signed by the parties; that plaintiff told him that they were friends, there was no need of signing the contract, to go ahead with the work; and that both parties were neighbors.
The plaintiff testified that as soon as he and the defendant agreed on terms he informed the defendant that before the work was started he wanted an agreement in writing; that the defendant stated he would have a written agreement ready the next morning; that instead of submitting the agreement the next morning, the defendant started his men working on the job; that the plaintiff objected stating that he wanted the written agreement first; that the defendant stated he would prepare it to be signed; that the work continued and the plaintiff repeatedly requested the written agreement and the defendant continued to> promise to have it ready, but did not do so until after the job was completed and the plaintiff had moved into' the house which was in early July, 1949; that when the agreement was submitted the plaintiff refused to sign it, stating that it did no conform to the original oral *[126] contract; that the defendant then stated that they would get together and straighten the matter out.
On or about July 18, 1949, a statement was sent by the defendant to the plaintiff a copy of which is as follows:
May 21 Contract Price $4300.00
Extras to contract 392.00
June 17 Shrubbery (extra 50.00
$4969.82
Credit
Cash $1000.00 May 20
check 1000.00 June 8
“ 1000.00 June 22
Balance due $1000.00
When the plaintiff paid the defendant the said sum of $969.82, he had full knowledge of the contents of the statement. At the same time the plaintiff informed the defendant that the statement was not correct, that the contract price set forth in the statement as $4300.00 should have been $4000., that the item T. L. Brown (extra) $227.82, should have been included in the amount of the original contract and that it was not an extra. Wood again stated that they would get together later, and straighten the matter out. Wood further testified “when I gave them the July 19th receipt they paid me with their own check. We had no talk except he stated ‘There is another $1000 due’.”
The plaintiff further testified that the following items were also included in the price of the original contract and that he did not agree to pay extra for them:
Changing locks $8.00
Weatherstripping doors 20.00
Flagstone 10.00
Grading and seeding 50.00
Blinds 25.00
that when he saw the Chamberlain house it had blinds, was graded and seeded and had flagstones.
*[127] Wood testified that Spedoni moved into the house on July 15, 1949, and that all work under the contract was then done.
Spedoni made payments to Wood as follows:
May 20, 1949 cash $1000.00
June 6, 1949 check 1000.00
June 22, 1949 check 1000.00
July 18, 1949 check 969.82
Total $4969.82
The check for $969.82 Spedoni obtained from funds of his own. The other checks were all drawn on the Natick Five Cents Savings Bank which held the G. I. mortgage on the property. These checks were made payable to Spedoni, Mrs. Spedoni and Wood. When Spedoni received the last check for $1000, on August 20th, he and Mrs. Spedoni endorsed it but Spedoni instructed Mrs. Spedoni not to deliver the check to Wood until he could agree with Wood on the correct amount. Mrs. Spedoni testified that she misunderstood her husband and by mistake delivered it to Mr. Wood the next day, adding that “when you first come to this Country you make a mistake.” That night the plaintiff learned that the check had been delivered to Mr. Wood. He immediately saw Wood. He met him in front of the Chamberlain house. He told Mr. Wood that he had been overpaid. Wood said that if he had been overpaid, they would sit down together and straighten it out, which never was done.
Mr. Wood and Mrs. Wood both testified that in January, 1950, Spedoni claimed he had paid Wood $300 too much.
The Court made a finding of facts covering both actions, part of which is as follows:
“I find that the contract price agreed upon was $4000 to complete the house on Lot 18, Lena Road in West Natick, substantially like the Chamberlain house adjoining; that Spedoni was to do certain things himself, and that certain things were agreed upon as extras comprising items numbered 2, 3, 7, 8, 9, 10 and 11 in No. 6232, Wood v. Spedoni, aggregating $193.95; and the outside painting $130, connecting water $50, outside light and fixture 17, and shrubbery $50, aggregating $247 more, claimed in alleged contract. *[128] This makes the total sum which Spedoni owed Wood $4440.95. Spedoni paid Wood $4969.82. I find that no written contract was signed or agreed upon by the parties. I find for the plaintiff in the amount of $528.87 with interest from the date of the writ.”
The Court allowed the following rulings requested by the defendant in this action:
“1. The evidence is sufficient to warrant the Court in finding for the Defendant.
2. The evidence is sufficient to warrant the Court in finding that the payment of one thousand dollars made by the Plaintiff to the Defendant on or about August 20, 1949, was for labor and material furnished by the Defendant to the Plaintiff in accordance with the contract between them and that it was the balance due in full under said contract, that it was paid with full knowledge of the balance due and intended to be in payment of the balance due and it was accepted by the Defendant from the Plaintiff for that purpose.
3. Where a written agreement is not ambiguous declaration of the parties to alter the terms thereof are inadmissable.
6. Where the contract is not full as to the work to be done parole evidence is admissable to explain what was to be done for the amount agreed upon to be paid.”
The report is before us on the denial of the following defendant’s requests for rulings:
“7. The payment of the bill rendered of July 18th or 19th, 1949, with full knowledge of the items and amounts billed for constitutes an acknowledgement of the correctness thereof and the Plaintiff is estopped to deny the same.
8. A party, in this case the Plaintiff, who has paid a demand voluntarily, which demand was made under a claim of right, cannot afterwards recover back the amount so paid. French v. Kemp, 253 Mass. Page 75.
9. Likewise, if the Plaintiff voluntarily paid a bill of the Defendant, protesting his liability at the time, he cannot then recover back the amount so paid. Rosenfeld v. Boston Mutual Life Insurance Company, 222 Mass., Page 289.
10. The Plaintiff having admitted that the next to the last payment was made by him voluntarily and that the last payment of $1000 was made by way of a *[129] negotiable check of the Natick Five Cents Savings Bank, payable to Libero Spedoni, his wife, and Frank G. Wood, the Defendant, and by him voluntarily endorsed thusly constituting a payment upon delivery and the Plaintiff cannot recover.
12. If the Plaintiff’s evidence is believed that he did not authorize his wife to pay the Defendant, that he only endorsed the aforesaid check and she then endorsed and delivered same to the Defendant, then the evidence warrants the Court in finding that Mrs. Spedoni made the payment of August 20, 1949, and the Plaintiff cannot recover.”
Three other requests were waived at the hearing before this division.
There was a finding for the plaintiff in the sum of $528.87.
The defendant argues first that the court erred in allowing his second request for ruling and then finding for the plaintiff. We do not agree with his contention. It was correct practice to allow this request and then find for the adverse party on the facts. Strong v. Haverhill Electric Co., 299 Mass. 455, 456; Marquis v. Messier, 303 Mass. 553, 555; Dangelo v. Farina, 310 Mass. 758, 759.
“It is an established rule of law,” as the defendant contends, “that money paid voluntarily under a claim of right, with full knowledge of the facts on the part of the one making the payment cannot be recovered unless there is fraud or concealment or compulsion by the party enforcing the claims.” Carey v. Fitzpatrick, 301 Mass. 525, and cases cited.
But the Court could find on the evidence before it that the plaintiff’s wife had no authority from the plaintiff to deliver the check to the defendant, that it was delivered by mistake.
And if the Court so found then there is ample authority holding that money paid by mistake under ignorance of the facts or a misapprehension of the state of the contract on which he pays it, may be recovered back. Pearson v. Lord, 6 Mass. 81; Bond v. Hays, 12 Mass. 34; Lazell v. Miller, 15 Mass. 207 and Blanchard v. Low, 164 Mass. 118.
The defendant’s requests assume that the plaintiff “voluntarily” or “with full knowledge” paid the *[130] amount demanded by the defendant. This is not borne out by the testimony of the plaintiff and his wife, both of whom the trial judge apparently believed.
William H. Healy, attorney for plaintiff.
Paul C. Hanna, attorney for defendant.
The evidence discloses that the ■ plaintiff consistently protested the charges made against him, while the defendant promised to “get together later” with the plaintiff and “straighten the matter out.” This conflicting testimony presented questions of fact for the trial judge which he resolved in favor of the Plaintiff.
The judge’s general finding for the plaintiff imports the drawing of all inferences in his favor of which the facts are susceptible. Boyle v. Worcester Buick Co., 243 Mass. 143, 145; Cain v. Ferry, 247 Mass. 472; Jones v. Clark, 272 Mass. 146; Dillon v. Framingham, 288 Mass. 511, 513.
The requests were properly denied because they were based on facts which he did not find, or at least, as to which the evidence was conflicting. Evans v. County of Middlesex, 209 Mass. 474; McNeil v. Middlesex and Boston Street Railway Co., 233 Mass. 254, 256-257.
There being no prejudicial error in the denial of the defendant’s requests for rulings, the report is to be dismissed.