**Betty Jane Krupp, Appellee, v. Chicago Transit Authority, Appellant.**

**Gen. No. 46,403.**

First District, First Division.

January 31, 1955.

Released for publication February 23, 1955.

Thomas C. Strachan, Jr., and Werner W. Schroeder, both of Chicago, for appellant.

Licastro & Wisowaty, of Chicago, for appellee; John A. Doyle, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

The defendant, Chicago Transit Authority, appeals from an order of the circuit court finding and adjudging it to be guilty of contempt of court and assessing a fine of $100 because of its failure to answer two certain interrogatories propounded by plaintiff. The order was entered in a suit filed by plaintiff who claimed damages for injuries sustained by her as a result of the alleged negligent operation of one of defendant's streetcars.

Eleven interrogatories were propounded, of which defendant answered nine, but declined to answer interrogatories Nos. 10 and 11, filing its objections thereto and moving that those interrogatories be stricken. The interrogatories were as follows: "No. 10. What are the names and addresses of all witnesses in possession of the defendant who were occurrence witnesses to plaintiff's injury as alleged in plaintiff's complaint? No. 11. What are the names and addresses of all persons in possession of the defendant who witnessed

plaintiff's injured condition subsequent to the accident until she was removed from defendant's streetcar?"

Defendant having failed to answer these interrogatories, plaintiff moved for the entry of an order directing it to do so within ten days. Defendant failed to comply with the order and, accordingly, plaintiff filed a petition for a rule to show cause. The rule was entered, ordering defendant to show cause why it should not be adjudged guilty of and punished for contempt of court by reason of its failure to answer the interrogatories, as required by the court's order. Within the ten days defendant filed its sworn answer to the order to show cause, setting forth specific grounds in support of its refusal.

In her request that defendant answer the written interrogatories propounded by her, plaintiff relied on Supreme Court Rule 19 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 259.19; Jones Ill. Stats. Ann. 105.19], but she has apparently abandoned that basis of support, and on oral argument her counsel stated that she now relies on section 58 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 182; Jones Ill. Stats. Ann. 104.058] and on Rule 20½ of the circuit court of Cook county.

The only statute applicable to the question presented is section 58 of the Civil Practice Act (Ill. Rev. Stats. 1953, ch. 110, par. 182). The first part of this section provides that whenever a bill for discovery, or interrogatories in a bill for relief, would heretofore have been available, the same discovery may hereafter be had by motion filed in the cause wherein the matter sought to be discovered would be used. Therefore the question presently arises whether a bill for discovery would have been available to obtain the names and addresses of the witnesses whom the adverse party intends to call. Dean Wigmore (in 6 Wigmore on Evidence, 3d Ed., 1940, sec. 1856, p. 422) states the scope and function of the bill of discovery as follows: "In

224

chancery practice, a party to a suit at law has always been entitled, by a *bill of discovery,* to ascertain before trial the tenor of his opponent's knowledge and belief upon all the facts in issue—in other words, to obtain disclosure of his testimony before trial. . . . But the tenor of this discovery was strictly limited to the *opponent's own testimony,* that is, his own admissions resting on his knowledge and belief. It is true that the bill required from the opponent an answer under oath stating all that he claimed in opposition; but to this extent what was obtained was no more than a sworn pleading, stating such material facts as would be alleged in any pleading. But of the evidence which he was to bring forth (except so far as he himself could testify) in support of those facts—the names of his witnesses and the circumstances to which they would testify—he was required to betray nothing in advance. In answering as a witness to facts, it was no excuse for him that his testimony would incidentally reveal his witnesses' names; but this did not impugn the general principle that he was entitled to keep to himself all evidential data except his own testimony."

██ ██ An analysis of the principles thus stated shows that the remedy never included the right to a disclosure of the manner in which the other party's case would be established. The English cases have always regarded the remedy of discovery to be so limited. In re Strachan, 1 Ch. 439, the court observed that the applicant "wants to see how her opponent hopes to prove his case, and what she wants to see is the evidence he has procured to prove the insanity which he alleges and she disputes. In England it is considered contrary to the interest of justice to compel a litigant **to disclose to his opponent** before the trial the evidence to be adduced against him. It is considered that so to do would give undue advantages for cross-examination and lead to endless side-issues, and would enable wit-

nesses to be tampered with and give unfair advantage to the unscrupulous."

In Carpenter v. Winn, 221 U. S. 533, the Supreme Court of the United States, lending support to the foregoing principles, observed that "a bill of discovery cannot be used merely for the purpose of enabling the plaintiff in such a bill to pry into the case of his adversary to learn its strength or weakness. A discovery sought upon suspicion, surmise or vague guesses is called a 'fishing bill,' and will be dismissed. Story, Eq. Pl. §§ 320 to 325. Such a bill must seek only evidence which is material to the support of the complainant's own case, and prying into the nature of his adversary's case will not be tolerated. The principle is stated by a great authority upon equity thus: 'Nor has a party a right to any discovery except of facts and deeds and writings necessary to his own title under which he claims; for he is not at liberty to pry into the title of the adverse party.' Story, Eq. Juris., § 1490; . . ."

In Ex parte Schoepf, 74 Ohio St. 1, 77 N. E. 276, the court held that the clearly defined rule in chancery applicable to discovery "does not extend to a discovery of the manner in which the defendant's case is to be established, nor to evidence which relates exclusively to the defendant's case." These and other authorities cited by defendant indicate that the remedy of a bill for discovery never permitted disclosure of the manner in which the other party would establish his case and precluded obtaining the names of witnesses.

An examination of statutes which have permitted discovery by motion of that which was previously allowed by bill for discovery discloses that they do not permit obtaining the names of witnesses. Section 58 (1) of the Illinois act [Ill. Rev. Stats. 1953, ch. 110, § 182, subsec. (1); Jones Ill. Stats. Ann. 104.058, subsec. (1)] makes the remedy of bill for discovery available by motion rather than by separate action. The wording of this section shows that it deals only with

226

the original remedy of bill for discovery, and the only change was to make that remedy available in a more convenient and modern form. Numerous other states have enacted similar statutes to make the remedy more convenient and usable. The transition by statute is aptly stated by Mr. Justice Cardozo in People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 156 N. E. 84, as follows: "The common-law courts, till aided by statute, professed a lack of power, even in civil causes, to order the inspection of documents in advance of a trial, unless indeed the document to be examined was the very subject of the cause. . . . To give relief from these defects, the remedy of discovery and inspection was framed by courts of equity. 2 Story, Eq. Juris., § 1484. The remedy as framed involved a separate, if ancillary, suit, and in that respect as well as others was awkward and unwieldy. Statutes, long in force in this state, have made a like remedy available in the primary cause itself by motion or petition. This borrowing of equitable remedies began with the Revised Statutes of 1830 . . ."

Statutes such as section 58 (1) of the Practice Act have generally been held to be limited to the same type of relief allowed by bill of discovery; as Dean Wigmore (in 6 Wigmore on Evidence, 3d Ed., 1940, sec. 1856b, p. 433) states it: "In the interpretation of these statutes, it came to be often held that their purpose was merely to extend to all Courts the expedient that formerly existed in chancery alone . . . that therefore the principle is not changed, and that the discovery is limited to the extraction of the *opponent's own testimony* and cannot be asked merely to ascertain his other evidence to support *his own case*. So that the common law in this respect . . . remained unchanged for civil cases." These views were earlier expressed by Dean Wigmore in his 1904 edition. (3 Wigmore on Evidence, 1st Ed., 1904, sec. 1856, p. 2428.)

Defendant cites numerous cases involving statutes similar to section 58 (1) of the Illinois act wherein the courts refused to permit obtaining the names of witnesses. In State v. Broaddus, 245 Mo. 123, 149 S. W. 473, it was held that a notary had no power to compel an adverse party to tell the names of those persons he had learned the railway company intended to use or might use as witnesses, or who told him they witnessed the accident. In Montgomery Light & Traction Co. v. Harris, 197 Ala. 358, 72 So. 619, the interrogatories sought to obtain the names of witnesses of the opposite party, or its evidence. The court held that "such was not within statutory authority." In Watkins v. Cope, 84 N. J. L. 143, 86 Atl. 545, it was held that an interrogatory intended merely to obtain the names of witnesses whom the other party expected to call was not permissible. In Armstrong v. Portland Ry. Co., 52 Ore. 437, 97 Pac. 715, the court said that the statute providing for the deposition of a party to an action by the adverse party was intended to allow his examination only when the evidence sought is pertinent to the issue, and probably only when material and necessary to make out the case of the party calling him, but that "it cannot be used to compel the disclosure by an adversary of the names of his witnesses, the manner in which he expects to establish his case, or confidential reports or communications of his agents in relation to the matter in controversy."

New York followed this doctrine in McNamara v. New York State Rys., 220 N. Y. Supp. 522, saying that "the practice permits a plaintiff to examine his adversary as to matters material and necessary in the prosecution of his case (Civil Practice Act, § 288); but this language does not go to the extent of allowing a disclosure of a defense, either as to witnesses or their affidavits, or reports of employees of accidents or papers in preparation for trial."

Counsel for plaintiff say that no earlier precedent in Illinois has come to their attention, but the question incidentally arose in Yowell v. Hunter, 403 Ill. 202, where photographs were prepared by expert witnesses for trial, and the court was called upon to decide whether they could be obtained by the adverse party under Rule 17 [Ill. Rev. Stats. 1953, ch. 110, § 259.17; Jones Ill. Stats. Ann. 105.17]. The court held that even though the exception in Rule 17 does not specifically mention photographs, their production could not be compelled, and added that "under Rule 23A [Ill. Rev. Stats. 1953, ch. 110, § 259.23A; Jones Ill. Stats. Ann. 105.23(1)] the court could not require the parties to divulge the names of their expert witnesses and we do not believe that it would be proper to permit the parties to indirectly obtain the names of such experts by requiring the parties to produce photographs taken by these experts in preparation for trial."

In McCaskill's 1936 Supplement to the Illinois Civil Practice Act, the author commented (page 160) that under section 58 (1) "the names of witnesses are not the subject of discovery, though they may sometimes be obtained incidentally in connection with other matters properly the subject of discovery," and with respect to examination under section 60 [Ill. Rev. Stats. 1953, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060] McCaskill said (page 171) that "the examination may be as to any matters within the issues but the party may not be asked as to the names of his witnesses."

We find nothing in section 58 (1) which permits a party to obtain the names of the other party's witnesses. Section 58(2) [Ill. Rev. Stats. ch. 110, § 182, subsec. (2); Jones Ill. Stats. Ann. 104.058, subsec. (2)] authorizes the Supreme Court to prescribe rules allowing for the discovery of documents, admissions of facts, answers to interrogatories and depositions, but this section does not authorize a rule permitting a party to obtain the names of another party's witnesses;

229

the Supreme Court has promulgated no rule which would require a party to do so. The cases heretofore cited demonstrate that the names of witnesses cannot be obtained from an adversary unless the statute makes specific provision for obtaining them. In *Storm v. United States*, 94 U. S. 76, the Supreme Court observed that "litigants ought to prepare their cases for trial before the jury is empanelled and sworn; and, if they do not, they cannot complain if the court excludes questions propounded merely to ascertain the names of persons whom they may desire to call as witnesses to disprove the case of the opposite party."

It is significant that in Massachusetts the statute originally was specific in that it prohibited the obtaining of the names of witnesses. That statute was later amended specifically to provide that the names of witnesses might be ordered to be produced for the adversary, but in construing the statute the Supreme Court of Massachusetts held, in *McNeil v. Middlesex & B. St. Ry. Co.*, 233 Mass. 254, 123 N. E. 676, that notwithstanding the statutory permission, "it is only when 'justice seems to require it' that a party is to disclose the names and addresses of his witnesses," citing several Massachusetts decisions.

As heretofore indicated, section 58 (2) authorizes the Supreme Court to prescribe rules allowing for discovery of documents, admissions of fact, and answers to interrogatories and depositions, and pursuant to this authority the court promulgated Rules 17, 18 and 19 [Ill. Rev. Stats. 1953, ch. 110, §§ 259.17–259.19; Jones Ill. Stats. Ann. 105.17–105.19]. In the trial court plaintiff relied on Rule 19. Neither this rule nor the other two rules contain any provision which would entitle her to the names of defendant's witnesses. There is nothing in Rule 17 dealing with written interrogatories such as were here propounded—requiring the listing of the names and addresses of prospective witnesses—or, indeed, dealing with any written interroga-

230

tories. Rule 18 relates to admissions by the adversary, falling into three principal categories: (1) a means of obtaining an admission as to the genuineness of any paper; (2) a means of obtaining, for the purpose of the cause, an admission of any specific fact or facts mentioned in a notice which can be fairly admitted without qualification or explanation; and (3) a method of making a public record an admitted fact by presenting a copy thereof to the adverse party, except insofar as such adversary may point out its inaccuracy. Rule 19, which deals with discovery by deposition, provides that a party may require a deposition before trial on oral or written interrogatories in the manner in which the depositions may be taken in chancery. There is no provision with reference to interrogatories that would require listing the names and addresses of witnesses who might be called.

Finally plaintiff relies on Rule 20½ of the circuit court as intended to amplify the rules of the Supreme Court. This rule was modeled after Rule 33 of the federal court but stops short of the provisions of that rule. Moreover, rules of the circuit court cannot go beyond the statute or beyond the powers validly given by the rules of the Supreme Court. In Boettcher v. Howard Engraving Co., 389 Ill. 75, where a similar rule—20½ of the superior court—was considered, it was held that the part of that rule providing for default in case of failure to answer interrogatories was invalid. The court said that "there is no statutory provision that a judgment may be entered for failure to answer interrogatories, and, in the absence of such a statute the power does not exist."

In its sworn answer in the rule to show cause, defendant makes section 23 of the Metropolitan Transit Authority Act [Ill. Rev. Stats. ch. 111⅔, § 323; Jones Ill. Stats. Ann. 21.2064(23)] applicable. That section was considered in Hayes v. Chicago Transit Authority, 340 Ill. App. 375. The court there was called upon to

decide whether the production of a statement given by plaintiff to an agent of the transit authority could be compelled under Rule 17. The court held that under the factual situation plaintiff had no right to an inspection of the statement or the report, and in the course of the opinion commented upon section 23 of the Transit Authority Act as follows: "This exception is in harmony with the exception in Supreme Court Rule 17 providing that the rule shall not apply to memoranda, reports or documents prepared by or for either party in preparation for trial, or to any communication between any party or his agent and the attorney for such party. There is no contention that the documents ordered to be produced are either public records or open to public inspection. In our opinion the statement and the report are documents kept by the board 'for use in negotiations, action or proceedings' to which the Authority might be a party."

For the reasons indicated we are of opinion that defendant rightfully refused to answer interrogatories 10 and 11. The judgment of the circuit court is therefore reversed.

Judgment reversed.

BURKE, P. J. and NIEMEYER, J., concur.