DALLAS RAILWAY AND TERMINAL COMPANY V. CHESTER
A. OEHLER, ADMINISTRATOR OF THE ESTATE
OF BENJAMIN A. STEPHENS, SR.

No. A-5911. Decided November 21, 1956.
Rehearing overruled January 9, 1957.
(296 S.W. 2d Series 757).

*Burford, Ryburn, Hincks & Ford, Robert E. Burns* and
*Clarance A. Guittard,* all of Dallas, for petitioner.

The Court of Civil Appeals erred in reversing the judgment
of the trial court for its failure to require defendant to disclose
the names of witnesses obtained by defendant in its investiga-
tion of the accident. Ex parte Schoepf, 74 Ohio St. 1, 77 N.E.
276, 6 L.R.A. (N.S.) 325; Montgomery Light & Traction Co.

v. Harris, 197 Ala. 358, 72 So. 619; Storm v. United States, 94 U.S. 76, 24 L. Ed. 42.

*Fritz & Vinson* and *Edward C. Fritz,* all of Dallas, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Suit for damages was against Dallas Railway & Terminal Company, defendant, by Chester A. Oehler, the administrator of the estate of Benjamin A. Stephens, Sr., deceased, and by Stephens' beneficiaries under the wrongful death statute, as plaintiffs. Stephens was hit by a street car at a street intersection in Dallas, Texas, and died as a result of his injuries.

In response to special issues a jury found that both Stephens and the operator of the street car failed to keep a proper lookout and that the negligence of each in that respect was a proximate cause of Stephens' injuries. Both were otherwise absolved of negligent conduct. The jury found that the injuries were not the result of an unavoidable accident and that the operator of the street car did not discover that Stephens was in a position of peril prior to the collision. The trial court entered judgment on the verdict for the Railway & Terminal Company. The Court of Civil Appeals reversed the judgment and remanded the cause for retrial. 290 S.W. 2d 945. Reversal was predicated on the action of the trial court in refusing, in the face of objection, to require various representatives of the Railway and Terminal Company to disclose the names of persons who were passengers on the street car. The trial court's action was taken under circumstances now to be detailed.

Immediately following the accident the operator handed to the passengers on the car slips of paper on which to write their names and addresses. Five passengers filled in and returned the slips to the operator. These slips passed through the hands of the claim agent and other company representatives and found their way into the file of the attorney representing the Company on the trial.

On the morning the case was to go to trial plaintiff's attorney had a subpoena duces tecum issued for L. W. Tate, Executive Vice-President of the defendant company, commanding him to bring to the trial all records of the company reflecting the names of passengers on the street car, "particularly all tickets turned in by passengers of said street car bear-

ing their names and/or addresses." Defendant's counsel protested the subpoena and the court ruled that the witness need not appear. There is no reason to believe there was any occasion for the appearance of this witness except to produce the slips, and they were not in his possession.

When the trial began plaintiff's attorney called defendant's claim agent as a witness. The witness testified he had seen the slips of paper handed to the operator and that they were then in the possession of defendant's attorney at the trial. When asked to state, if he could, "the names of the people who did turn in cards and that you all know about that were present at the scene of this acident," defendant's counsel objected on the ground that "those matters are privileged" and that the testimony sought was "irrelevant and immaterial." The objection was sustained. Defendant's counsel was then called as a witness and testified that he had the five slips of paper in his possession. He objected to producing the slips of paper on the ground of privilege, and the objection was sustained. The operator of the street car testified but he did not remember the names of any of the passengers. None of the passengers were called as a witness.

Petitioner asserts here that the rulings of the trial court in respects above mentioned, whether tested by common law rules on discovery practice or by the provisions of Rule 167, Texas Rules of Civil Procedure, were correct, and that, in any event, respondent has not discharged his burden of establishing that the rulings, if erroneous, were "reasonably calculated to cause and probably did cause the rendition of an improper judgment" so as to entitle him to a reversal under Rules 434 and 503, Texas Rules of Civil Procedure. Respondent insists that the legal problem with which the court is confronted is not a problem of discovery but an evidence problem; that our only question is whether the evidence sought was material and admissible on the trial. This insistence may well stem from the fact that respondent made no effort, either before or during the trial, to secure the names of the witnesses or the slips of paper on which they were written by complying with the provisions of Rule 167. For opinion purposes we will therefore accept respondent's contention that the problem is an evidence problem and will deal with it on that basis.

A trial court will not be held to have erred in excluding proffered evidence unless its admissibility is established. To be admissible evidence must be relevant and material; it must tend

to prove or disprove some issue in the case. 17 Texas Jur. 338, Evidence Civil Cases, Section 106. There is nothing in this record to establish the relevancy and materiality of the names of the passengers in the car. Respondent does not claim that a predicate was being laid for testing the credibility of the witnesses being questioned, or for impeaching them. Neither is any other reason suggested for contending that a mere list of names had any bearing on any issue in the case. What respondent hoped for, of course, was to require that the names of the passengers be divulged so that they could be called as witnesses in the case. The ends of justice might have been better served by calling all of the known passengers to the witness stand. As to that we cannot say, for we have no way of knowing whether any of such passengers could have or would have given testimony of value. The fact that the ends of justice might have been better served by calling all occurrence witnesses does not, however, make their names relevant and material as evidence.

In support of his position respondent cites Robertson v. Virginia, 181 Va. 520, 25 S.E. 2d 352, 146 A.L.R. 966, and decisions cited in the annotation in 146 A.L.R. at page 977, et seq. Robertson v. Virginia holds only that an attorney committed for contempt for refusing, while a witness on a trial, to produce a statement of an employee made to his employer after an accident but before litigation was brought or threatened, will not be discharged on the ground that the statement was privileged and the contempt order therefore void. The case does not hold that a party must divulge names of occurrence witnesses in the absence of a showing that the names are relevant and material on some issue in the case. That the A.L.R. annotation referred to does not bear on the question under consideration is amply demonstrated by its title which reads: "Evidence: statement or report by servant or agent to master or principal, in respect of matters then or afterwards involved in litigation, as a privileged communication."

On the record before us we cannot agree with respondent's contention that the trial court erred in excluding the tendered evidence. We know from our own experience that testimony as to the names of persons present at the scene of an occurrence which thereafter becomes the basis of a lawsuit is often admitted without objection, but that does not mean that a trial court errs when, in the absence of a showing of the relevancy and materiality of such testimony, it excludes it. Respondent has presented no other basis for reversal of the trial court's judgment.

We are not to be understood as holding that respondent could have secured the list of names by complying with the Rules on discovery. It has not been necessary to decide that question.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered November 21, 1956.

Rehearing overruled January 9, 1957.