Andrea F. PEREZ, Appellant,

v.

SAN ANTONIO TRANSIT COMPANY, Appellee.

No. 3589.

Court of Civil Appeals of Texas.

Eastland.

Jan. 27, 1961.

Rehearing Denied Feb. 24, 1961.

G. Woodson Morris, San Antonio, for appellant.

Lang, Byrd, Cross, Ladon & Oppenheimer, San Antonio, for appellee.

COLLINGS, Associate Justice.

Andrea F. Perez brought suit against the San Antonio Transit Company seeking damages for personal injuries alleged to have been sustained on October 5, 1957, while she was a passenger on one of the defendant's buses. Plaintiff alleged that the injury occurred when the bus made a sudden and violent stop while she was standing preparatory to getting off the bus at an intersection, and that the driver was guilty of numerous acts of negligence proximately causing her injuries. The case was tried before a jury which found that the accident was unavoidable, that it was proximately caused by an emergency, that plaintiff was not injured as a proximate result of the accident and that the driver of defendant's bus was not guilty of any act of

negligence. Based upon the verdict, judgment was rendered in favor of the defendant decreeing that plaintiff take nothing. Andrea F. Perez has appealed.

■ In appellant's first two points it is contended that the court erred in refusing to require appellee San Antonio Transit Company to furnish and deliver to appellant upon the trial and upon her motion for discovery after the trial, the names and addresses of other passengers on the bus which the bus driver procured at the time of the accident but which appellee had not called to testify in its behalf. There was no showing that any of the passengers could or would have given any testimony of value. The question presented in these points has already been passed upon in a habeas corpus proceeding brought by one of the attorneys herein who had been found guilty of contempt when he refused to obey a court order to deliver to the plaintiff the names of such passengers. Our Supreme Court held that under Rule 167 of the Texas Rules of Civil Procedure the list of passengers so secured by the bus driver after the accident and turned over to the attorney of the company was not required to be delivered to the passenger suing for alleged injuries sustained in the accident. Ex parte Ladon, Tex., 325 S.W.2d 121. See also Dallas Railway and Terminal Co. v. Oehler, 156 Tex. 488, 296 S.W.2d 757.

■ Appellant contends in her third point that the court erred in admitting in evidence over objection the written accident report made by the driver of the bus a few hours after the happening of the accident. Appellant had objected to the introduction of the written report of the bus driver on the ground that it was self-serving in that it was made after the happening of the accident at a time when a controversy had already arisen between the parties and that it was highly prejudicial and inflammatory. Appellant urges that the statements of the bus driver in the accident report tend to corroborate and bolster his testimony and the testimony of other witnesses for appellee in the trial. The general rule is that if a witness or an agent or servant of a party to a lawsuit has not been impeached, prior consistent statements by the witness, either oral or in writing, are not admissible to bolster or corroborate his testimony. Davis v. State, 45 Tex.Cr.R. 292, 77 S.W. 451; 17 Tex.Jur. 540; Weiler v. Weiler, 336 S.W.2d 454, and cases cited.

Appellee contends that the court did not err in admitting the accident report made by its bus driver on the date of the accident. It urges that the report was admissible to rebut appellant's imputation of recent fabrication. It is held that prior consistent statements are admissible to support a witness where there has been an imputation of recent fabrication. Gulf, C. & S. F. Ry. Co. v. Garren, 96 Tex. 605, 74 S.W. 897; Hix-Green Company v. Dowis, 79 Ga.App. 412, 53 S.E.2d 601; 1 McCormick & Ray, page 555. In our opinion it cannot be said that there was an imputation by appellant of a recent fabrication on the part of appellee's bus driver. There was a contradiction of a portion of his testimony but a mere contradiction is not such an impeachment as will authorize the introduction of a former consistent statement to corroborate a witness. 1 McCormick & Ray, page 554.

The erroneous admission of the report, however, was not reversible error. A careful consideration of the bus driver's report reveals that the only seriously disputed fact contained therein was whether the accident occurred at the intersection of Commerce and Soledad Streets or on Commerce Street between Soledad and Main Streets. The written statement and the testimony of the bus driver indicated that the accident occurred at the intersection of Commerce and Soledad Streets; that the bus which had been proceeding along Commerce Street stopped at the intersection with Soledad for passengers to get off and to come into the bus; that when the light had turned green again and the bus started on its course, traveling at about two or three miles per hour, a Chevrolet automobile suddenly

cut in front of the bus, and the driver was required to and did make a sudden stop in order to avoid a collision. Appellant Andrea F. Perez did not deny that a car cut suddenly in front of the bus. She denied only that the sudden stop and the accident occurred at the intersection of Commerce and Soledad. Her testimony was that the sudden stop occurred between Soledad and Main Streets while she was standing preparatory to leaving the bus at the intersection of Commerce and Main.

In our opinion even though the written statement of the bus driver made shortly after the time of the accident was erroneously admitted, its nature, considered in connection with the record as a whole, is not such as to constitute reversible error. The question of the exact location of the occurrence of the accident was not controlling. The erroneous admission of evidence corroborating a witness on such a matter is not of such a serious nature as to require a reversal of the judgment. The written statement by the bus driver to the effect that the accident occurred at Commerce and Soledad was also cumulative of other testimony in the case. Not only did the bus driver so testify at the trial but other witnesses in the case so testified. Appellant alone testified to the contrary, although it is noted that a written statement by appellant soon after the time of the accident also indicated that the accident occurred at Commerce and Soledad Streets. It is also noted that the jury found that appellant suffered no injury as a proximate result of the accident. This finding is not questioned by appellant. Such finding renders immaterial the question of negligence on the part of appellee's bus driver and the evidence, if any, bearing thereon. It is of itself sufficient to require the rendition of judgment entered for appellee.

In this state of the record we are of the opinion that the error complained of does not amount to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, T.R.C.P. Appellant's third point is overruled.

The judgment is in all things affirmed.