James B. WRIGHT, Appellant,

v.

Verna ALMS et al., Appellees.

No. 4090.

Court of Civil Appeals of Texas.
Waco.

May 2, 1963.

Rehearing Denied May 23, 1963.

Trotter, Childs, Fortenbach, Pomeroy & McClure, Frank M. Bean, Houston, for appellant.

John Bradshaw, Houston, for appellees.

TIREY, Justice.

The action is grounded on injuries resulting on account of a rear end automobile collision in Chambers County, in which Mrs. Blackmon, who was driving her car, and her sister, Mrs. Alms, accompanying her, were injured as a result of the appellant's car colliding with the rear end of the Blackmon car, both cars being on a public highway and going in the same direction. Defendant admitted liability in the trial court. It was stipulated that defendant is a resident of Bee County, Texas. Plaintiffs, Verna Alms and Ira Mae Blackmon, are both residents of Harris County, Texas; Wright was driving a Chevrolet automobile and Mrs. Blackmon was driving a Mercury automobile, and Wright's automobile collided with the rear end of the Blackmon automobile on June 4, 1961, in Chambers County on a public highway; as a result of the collision Wright was charged with violation of the traffic laws for failing to pass to the left of the car driven by Mrs. Blackmon while approaching it from the rear, and Wright entered a plea of guilty to that charge before the Justice of the Peace in Mont Belvieu. At the time of the collision, Mrs. Alms was 47 years of age and had a reasonable life expectancy of 23.08 years, and Mrs. Blackmon was 48 years of age and had a reasonable life expectancy of 22.36 years.

In appellant's brief we find:

"Appellant James B. Wright, admitted liability for any and all damages actually sustained by appellees, proximately caused by his negligence, in the automobile collision made the basis of the respective suits.

"Having admitted liability, appellant, James B. Wright, moved the Court, by timely filing a Motion in Limine, to restrict the evidence adduced on the trial of these causes to that pertaining to the issues of damages, to the exclusion of all evidence pertaining to the cause or causes of the automobile collision, and the circumstances attendant thereto. Said Motion was by the Court overruled, to which ruling appellant duly excepted.

"Thereafter, during the trial of these causes, as evidence considered by the appellant to be pertaining to the cause or causes of the automobile collision, and the circumstances attendant thereto, was offered, appellant objected to its introduction. The basis for such objection were that such evidence was irrelevant to the sole issues in the cases, the damage issues, and that such evidence was highly inflammatory and prejudicial to appellant, James B. Wright.

"In all cases, such evidence was admitted by the Court for the limited purpose of showing severity of impact as such impact, at collision, might bear on the injuries received by appellees."

The court submitted 2 issues to the jury: (1) as to the damages sustained by Mrs. Alms, to which the jury answered $9,950.00; and (2) as to the amount of damages sustained by Mrs. Blackmon, to which the jury answered $9,950.00. Judgment was entered accordingly for each, together with all costs of suit and for 6% interest. Wright perfected his appeal to the Houston Court, and the cause is here on transfer.

The judgment is assailed on what appellant designates as 5 points. They are substantially to the effect:

(1) In overruling defendant's Motion in Limine;

(2) In admitting into evidence the testimony of the witness Henry that, just before the collision, appellant Wright was operating his automobile in excess of the legal speed limit; that the automobile of appellees came to rest several hundred feet from the point of impact; that the only skid marks at the scene of the accident were those made after the impact; that the skid marks of the automobile of appellant extended off the pavement, into a field, and that the automobile of appellant traveled several hundred feet after the impact before coming to rest;

(3) In admitting into evidence the testimony of the witness Ricketson that skid marks at the accident scene indicated that the automobile of appellant traveled off the pavement, after impact, for a considerable distance, and that skid marks left by appellant's automobile were "heavy" as compared to "light".

(4) In admitting into evidence Plaintiffs' Exhibits Nos. 4–11, being photographs depicting skid marks at the accident scene, indicating that the automobile driven by appellant traveled several hundred feet after impact, off the pavement, into a field before coming to rest;

(5) In admitting into evidence Plaintiffs' Exhibits Nos. 12–13, being photographs of the automobile occupied by appellees, allegedly indicating damages sustained in the collision in question. Appellant says that the points of error are closely inter-related and for that reason he presents them together under one statement.

Appellees present one counter statement and it is to the effect that the court did not err in admitting evidence of the severity of the impact, where it was offered and admitted for the limited purpose of its relation to the issues of the type and extent of appellees' injuries.

Appellant contends that since he admitted liability certain evidence relating to the speed of his car should not have been allowed by the court over the objection of appellant, on the ground that it was irrelevant and immaterial. However appellant, in his brief, admits that this is a matter largely within the discretion of the trial court; but he does not say the court abused its discretion. Appellant further admits in his brief that the court in all instances admitted the evidence objected to for the limited purpose of showing severity of impact as it might bear on the injuries claimed by the appellees. The Statement of Facts shows that in all instances where appellant complains of such evidence, the testimony offered was always made with

the specific statement by counsel for appellees that such evidence was being offered for the limited purpose of showing the severity of the impact as it might bear out the injuries complained of by appellees. Counsel for appellees further announced to the court that the testimony was not offered to prove liability. For example, we quote from the Statement of Facts:

"If your Honor please, plaintiffs offer the testimony of the witness, Gladman Henry, not for the purpose of establishing any liability for the defendant in any respect, but only for the purpose of showing the severity of the blow, or the impact, as it might relate to the physical injuries received by the plaintiffs."

Since the appellant admitted liability for the accident, did the trial court commit reversible error in admitting the testimony complained of with reference to the factual situation showing or tending to show severity of the impact? We think the answer is "No." First of all, the injuries suffered by each of the plaintiffs in the nature of bruises and contusions are without any question whatsoever, but each of the plaintiffs contended that they were suffering severe pain and discomfort because of injuries sustained to their backs, and the evidence in this behalf was to the effect that each of the plaintiffs was suffering from spondylolisthesis that had been aggravated because of the severity of the blow, and that this condition had partially disabled them for the rest of their lives, and that they would suffer discomfort by reason thereof for the rest of their lives. For example, each claimant, according to the evidence, received a cervical strain, sometimes known as a whiplash injury, and each received an aggravation of spondylolisthesis, which condition had existed prior to the collision, but which had not given either of the plaintiffs any pain or discomfort. The only question tendered by the evidence was whether each plaintiff received an aggravation of this condition of spondylo-

listhesis in the collision. Evidence was tendered to the effect that although they had suffered no pain in this behalf prior to the collision, that after the collision the spondylolisthesis had caused them great pain for a period of one year prior to trial; that it would cause them much pain for the remainder of their lives, a period of around 23 years in each case. This was shown by the testimony of each of the appellees, and it was borne out by expert testimony, including that of Dr. DeYoung, an Orthopedist, the qualifications of whom were admitted by counsel for appellant. Dr. DeYoung testified to the effect that each of appellees would be disabled to the extent of 15% in earning capacity for the rest of their lives.

The testimony of Mrs. Blackmon showed that during the first year after the collision she lost wages in the amount of $280.00 and worked only because she had to, and was doing lighter work. It was Dr. DeYoung's testimony that she would be disabled or incapacitated to earn to the extent of 15%. The evidence revealed that she had been earning about $2500.00 per year. At this rate, 15% of $2500.00 would show a loss of about $375.00 a year, for 23 years. The evidence revealed a loss of future earnings in the amount of $8,625.00. Mrs. Blackmon's medical expenses to date of trial were about $569.00. Therefore, in round figures, her medical, plus her lost earnings, would total about $9200.00. That would leave very little compensation for her physical pain and suffering in the past and in the future; but obviously the jury could not award her more than the $9950.00, which was the amount for which she sued.

With reference to Mrs. Alms, it is stipulated that she sustained a loss of earnings in the amount of $2450.00 and that she was incapacitated to earn to the extent of 15% for the remainder of her life, and that she would suffer great physical pain the rest of her life. The evidence further showed her medical expense to be $768.40. As above stated, she had a life expectancy

of about 23 years. In view of the foregoing evidence, was the evidence tendered as to the severity of the impact prejudicial? We think not. First of all, the stipulation specifically provided that "additional proof may be made if desired by either party." Moreover, our Supreme Court in Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, made this significant statement: "As a general rule, any evidence is relevant and material if it tends to prove, or disprove, any material fact involved in the issue or the question being tried." We think it is obvious that under the record here made, the severity of the impact is certainly pertinent to the injuries complained of by the plaintiffs.

In Dallas Ry. & Term. Co. v. Oehler, 156 Tex. 488, 296 S.W.2d 757, our Supreme Court made this statement: "To be admissible evidence must be relevant and material; it must tend to prove or disprove some issue in the case."

Our Supreme Court has not seen fit to change or modify the rules here stated, and this rule and the application thereof is so well settled that we think that neither the rule nor the application to this factual situation should be further labored.

Moreover, Rule 434, Texas Rules of Civil Procedure, provides in part:

"* * * that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, * * *." We think the application of this rule to the factual situation here requires us to affirm this cause.

Finding no reversible error, the judgment of the trial court is affirmed.