**Margaret Wells DOBBINS, a feme sole, Appellant,**

v.

**Herman L. GARDNER, Appellee.**

**No. 14272.**

Court of Civil Appeals of Texas.

Houston.

March 19, 1964.

Rehearing Denied April 16, 1964.

**666** ■ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Jim S. Phelps and Bill Kilgarlin, Houston, for appellant.

Richard B. Miller and R. Gordon Gooch, Houston; Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a malpractice case in which a verdict was instructed for the defendant.

Appellant brought suit for certain damages which she alleged she suffered as a result of a gauze pack having been left in her body unknown to her, after an operation. She produced no medical witnesses to establish negligence on the part of the eminent physician who treated her, nor to establish that the claimed damage was proximately caused by negligent treatment. To establish her case she relied on hospital records, her own testimony and the testimony of the defendant.

Dr. Gardner testified that only one gauze pack was left in Miss Dobbins' vagina after the operation on March 15; that the nurse was instructed to remove the pack the next morning at 6 o'clock; that this pack was so positioned that it could be removed without entering the body cavity; that if more than one pack had been used the nurse would not have been permitted to remove the interior pack; that when he visited the patient on March 16 the nurse's notes reflected that the pack had been removed; that he made no examination to check the accuracy of the nurse's notes; that it is not customary to do so.

The doctor testified:

"Q  Now no pack would have been left in there when she left the hospital?

"A  You don't ordinarily leave one in for many days after they leave, it was not my intention for any pack to be left in. It is the ordinary and usual custom that these packs be removed before they leave the hospital. I have known doctors to leave them in several days after the patient goes home.

"Q  What is your usual custom there in St. Luke's?

"A.  I have them removed before they go home.

"Q  All packs should be removed before she goes home?

"A.  Yes."

He further testified positively that the pack, if it is left in the vagina, will cause an odor.

The plaintiff testified that on March 16 she saw the nurse remove a gauze pack. She testified that on March 31 Dr. Colwell removed another gauze pack after she had returned to Austin, and that neither she nor anyone else had placed such a pack in her vagina during the intervening period. She testified that a stench developed after a few days and that it was very bad for about a week while she was attending the University of Texas Law School, a predominantly male institution. She tried to minimize the odor, but was embarrassed and humiliated, and avoided people as much as it was possible for her to do while attending school.

■ In accordance with the doctrines governing cases of this nature, as settled in

Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1, we find that there is competent evidence from which a jury could find that a sponge was left in the vagina of the plaintiff after the operation of March 15; that under the circumstances this constituted negligence and was the proximate cause of embarrassment and humiliation to the plaintiff. We find that there was not sufficient medical testimony of causal relationship to permit the court to submit to the jury any of the other claimed elements of damage.

■ The fact that the plaintiff testified that she probably would not have brought the lawsuit had the odor been her only cause for complaint does not establish that the maxim of de minimis non curat lex applied. Humiliation and embarrassment are genuine elements of damage and, under the evidence in this case, cannot be held insignificant as a matter of law.

When appellant took the deposition of appellee prior to trial, she learned that appellee had forwarded to Dr. Colwell a copy of a letter which appellee had sent to the Claims Department of his insurance carrier. During the time intervening between the taking of the deposition and the trial of the case appellant made no attempt to require the production of the letter for examination. At the trial the court examined the letter and thereafter refused to permit appellant's counsel to examine it or to introduce it into evidence. The trial court also refused to permit the letter to be incorporated into appellant's bill of exceptions. Appellee testified that in this letter he described the facts of this case in considerable detail. These matters were incorporated in a bill of exception constituting a part of the record in this case. In his brief appellee states that no tender of evidence was ever made. The Bill of Exception No. 1 states that appellant attempted to offer the letter into evidence and that the court refused to let it be introduced. The letter was in the physical possession of appellee when he was being interrogated for the bill of exceptions.

■■ The trial would not have been delayed had the court seen fit to admit the letter into evidence. No reason for refusing to admit the letter is suggested other than the contention that it was a privileged communication. Since the letter is not before us, we are unable to determine whether it would be inadmissible for other reasons. Under the provisions of Rules 176 and 177a, Texas Rules of Civil Procedure, appellant could have compelled the production of the letter in court by subpoena. While Rule 177a provides that the court may quash a subpoena if it is unreasonable and oppressive, a subpoena requiring the production of a single letter in the party's possession in the court room ordinarily would not be oppressive or unreasonable. The subpoena may be issued at any time during the course of the trial. The person to whom it is directed is required to produce the document. Where an instrument is produced in court in response to a subpoena, the trial court may order that the document be made available to counsel for examination and for use in evidence. Rule 184, T.R.C.P.; Hollingsworth v. Sears, Roebuck & Co., 156 Tex. 176, 293 S.W.2d 639.

■ Since the document was in court in the possession of a party to the cause, there was no necessity for the issuance of a subpoena. The court had no less power to order the letter to be given to counsel for inspection or for use as evidence. Appellant insists that the power of the court is restricted to the procedures provided by Rules 167, 177a, 202, and 737, T.R.C.P. Where a document is in court and is shown to contain information both relevant and material to issues in the case, it would place undue emphasis on form to hold that the court had no authority to require one party to permit the other party to inspect the document or to introduce it into evidence merely because it was not in court in response to a subpoena or a pre-trial order.

Appellee objected solely on the ground that the instrument was a privileged communication between the doctor and his insurance carrier and was part of the prepa-

ration which he made in the defense of a claim against him. There is nothing in the record indicating that appellee requested, or that the nature of the communication required, an order of the court to protect appellee from undue annoyance, or embarrassment as authorized by Rules 186b and 167, T.R.C.P.

The privilege asserted here presumably is based on that portion of Rule 167, T.R.C.P., reading: " * * * the rights herein granted shall not extend to the written communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence of transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of such claim or the circumstances out of which same has arisen."

■ The letter to the insurance company was a communication made in connection with the defense of a claim and appellee could not have been required to produce it under the provisions of Rule 167. Perez v. San Antonio Transit Co., Tex.Civ.App., 342 S.W.2d 802, error ref. The question arises as to whether this privilege was waived by reason of the subsequent publication of its contents to Dr. Colwell.

No case has been cited to us where the question of waiver of the privilege granted by this rule was involved. While the question of waiver was not presented, in Dallas Railway & Terminal Company v. Oehler, 156 Tex. 488, 296 S.W.2d 757, the Supreme Court of Texas held that the failure of the trial court to require the attorney for a party to produce for introduction into evidence a list of passengers on a street car involved in a collision was not error. The Supreme Court expressly placed the decision on the ground that the record failed to show that the list of names was either relevant or material. The evidence in question in this case is clearly relevant. The detailed statement of the facts of this case

contained in that letter would probably be material.

■ While we have been cited to no cases directly in point, it is well settled that the privileged nature of communications between the attorney and client may be waived by the client. McCormick and Ray, Texas Law of Evidence (2nd Ed.), § 490, p. 411.

"As the privilege operates to exclude testimony and obstruct the search for truth the tendency on the part of the courts is to construe it strictly, to contract rather than relax it. Since the purpose of the privilege will not be advanced by its extension to third persons, it is well settled that third persons who overhear communications may be required to testify concerning the same." (McCormick and Ray, ibid, § 489, p. 410)

■ Since the privilege granted by Rule 167 operates to exclude testimony and obstruct the search for truth, it should be strictly construed also. When appellee voluntarily and intentionally disclosed the contents of the letter to a person not his agent or representative and not concerned with the defense of the claim against him, he has impliedly waived the privilege, and the trial court erred in failing to admit it into evidence.

■ There is some question as to whether under the facts in this case a privilege arises under the attorney-client relationship. Hurley v. McMillan, Tex.Civ. App., 268 S.W.2d 229. Where such a privilege arises and the privileged communication reaches a third person, that person may be required to testify concerning it. Clark v. State, 159 Tex.Cr.R. 187, 261 S.W.2d 339, cert. den. 346 U.S. 855, 74 S.Ct. 69, 98 L.Ed. 369, rehearing den. 346 U.S. 905, 74 S.Ct. 217, 98 L.Ed. 404. It would seem, therefore, that the intentional communication of a privileged document to a third person should have the effect of waiving its privileged nature to obviate the necessity of

calling such third person to testify as to the contents of a document when the original is available in the hands of a party to the cause.

 The trial court could have permitted the introduction of the document on the bill of exceptions in a sealed envelope, without permitting its examination by appellant, for use on the appeal, if such procedure was considered necessary to preserve the confidential nature of the information. Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434. However, this procedure does not appear to have been suggested to the trial court by either party. Appellant offered the document on her bill of exceptions. The failure of the trial court to admit it for that purpose was such an error as probably prevented appellant from making a proper presentation of the case to this Court, and constitutes reversible error. Rule 434, T. R.C.P.

The judgment of the trial court is reversed and the case is remanded to the trial court.