Shirley Evelyn BARDWELL, Appellant,

v.

CENTRAL MUTUAL INSURANCE COMPANY, Appellee.

No. 840.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

Warren L. Eddington, William S. Cox, Eddington & Friloux, Houston, for appellant.

George H. Vance; Vance & Brukner, Houston, for appellee.

TUNKS, Chief Justice.

This is a workman's compensation case. It was tried to a jury. The jury, by its verdict, failed to find that the plaintiff, Mrs. Shirley Bardwell, sustained an injury in the course of her employment for B & M Filters, Inc., the employer for which the appellee was the compensation carrier. Mrs. Bardwell appealed to this Court.

During the course of the trial the defendant insurance company offered in evidence a written instrument, quoted as follows:

"TO WHOM IT MAY CONCERN,

Shirley Bardwell was hired by B & M Filters, Inc. 7512 Thompson Road, Baytown, Texas, on May 13, 1970. She clocked in at 7:50 A.M. and was paid $10.40 for 6½ hours labor at $1.60 per hour.

She was hired at the same time as Ethel Freeman of 400 Oak Street, Crosby, Texas. They were instructed on their respective jobs until around noon. Shirley was working as a taper and Ethel as a stitcher. Neither was satisfactory on this particular job so they were switched at noon. Shirley went to work as a stitcher, and Ethel as a taper. By 3:00 P.M. it was noted that neither was progressing in their training.

Shirley Bardwell was discharged at approximately 3:30 P.M. and in no way made any mention of the fact too John Milton, foreman, Mike Bargainer, or Mr. Andy Bargainer that she had been injured. Every one was completely unaware that she had been injured.

When she picked up her pay from Melba Pillon, she and Ethel entered back door together, talking and laughing. She did not appear to be hurt or injured and did not indicate she had been injured. She received her pay and left.

On May 14, 1970, Mr. Andy Bargainer received a phone call from her husband and he stated she had been injured on the job. Mr. Bargainer advised the husband to take her to see Dr. Thomas E. Smith in Highlands which he did." (The statements made by the maker of the memorandum as to dates are erroneous. The accident actually occurred on July 13, 1970.)

The plaintiff objected to the offered instrument on the ground that it was hearsay. The defendant contended that it was admissible under Vernon's Tex.Rev. Civ.Stat.Ann. art. 3737e (Supp.1972). The trial court acceded to the defendant's position and admitted the instrument into evidence. The issues on this appeal relate to the ruling by the trial court. Was the instrument erroneously admitted over the objection that it was hearsay? If so, was its admission harmless error?

The relevant language of art. 3737e is as follows:

Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

(a) It was made in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

■ Mr. Andy Bargainer, president of B & M Filters, testified that he prepared the instrument. He answered in the affirmative a question as to whether the "memorandum" was "kept as part of your records in the normal course of the business, made at or near the time when it occurred. . . ." There is, however, no evidence that Andy Bargainer had personal knowledge of the facts recited in the memorandum or that an employee with such personal knowledge had, in the regular course of the business, transmitted the information for inclusion in the memorandum. Mr. Bargainer testified that the making of such investigation as that upon which the memorandum was based was usual and customary. He admitted, however, that he could remember only one other occasion of such a memorandum having been made during the ten or fifteen years since the business had been organized. He also said that such a memorandum was made, "Every time one may file suit or ask for compensation."

The evidence did not qualify the instrument for admission under art. 3737e, as a business record exception to the hearsay rule. In 2 C. McCormack & R. Ray, Texas Evidence sec. 1254 at 116 (2d ed. 1956) it is said, "Random jottings and voluntary, isolated memoranda are clearly outside the purview of this clause." In Perez v. San Antonio Transit Company, 342 S.W.2d 802 (Tex.Civ.App.-Eastland 1961, writ ref'd) it was held that a memorandum made under closely similar circumstances was erroneously admitted into evidence over the objection that it was hearsay. It was er-

ror for this trial court to admit the quoted instrument.

■ Although we hold that the memorandum was erroneously admitted into evidence there remains the question of whether such error probably resulted in such harm to the plaintiff as to require reversal of the trial court's judgment. If from a review of the record as a whole it appears the jury's failure to find that the plaintiff sustained the claimed injury was controlled by, or probably resulted in whole or in part because of, the admission of the prejudicial testimony, then the error was reversible and the case should be remanded for a new trial. Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191 (1949); Logan v. Grady, 482 S.W.2d 313 (Tex. Civ.App.-Fort Worth 1972, no writ).

Mrs. Bardwell was employed by B & M Filters July 13, 1970, at 8:00 o'clock in the morning. She was assigned to the operation of a stapling machine. She was discharged at 3:30 in the afternoon on the same day.

Mrs. Bardwell testified that while she was working on the stapling machine a platform which was part of it fell out of place. She bent down under the machine and tried to replace the platform. While she was doing so the platform again fell and struck her in the shoulder and the back. There is no evidence that anyone saw the accident. While the evidence shows that she did not report the accident that day, she testified that she tried to tell Andy Bargainer about it, and he refused to talk to her. Her husband telephoned the employer the next day and reported that she had been injured. The employer told the husband to send her to Dr. Thomas E. Smith for examination. Dr. Smith did examine her. He was called as a witness by the plaintiff. He testified that his diagnosis was a bruise on the shoulder and myositis of the lumbar muscles. He said that the diagnosis of myositis was based on subjective symptoms. The plaintiff later went to Dr. James R. Oates, a medical doctor specializing in physical rehabilitation of disabled people. Dr. Oates diagnosed the plaintiff's condition as "mild damage to the nerve supply of the right upper trapezius and more severe damage to the nerve supply of the left upper trapezius." He treated her for several months. Other witnesses testified that the plaintiff complained of pain.

Mr. Andy Bargainer testified that the plaintiff had not told him of the accident on the date that it allegedly occurred and that he did not otherwise learn of it at that time. He denied that he had refused to talk to the plaintiff. The other employees of B & M Filters who are named in the quoted memorandum testified in person that no accident was reported to them and that they did not know of any having occurred.

■ Under this record we conclude that the error in admitting the memorandum into evidence was not so harmless so as to permit the affirmance of the trial court's judgment under Texas Rules of Civil Procedure 434. The recitations in it related to the most crucial issue in the plaintiff's case —the sustaining of an injury. Some of its recitations were confirmed by oral testimony of the individual referred to in the instrument, but other facts are not so confirmed. For instance, there is not any oral testimony that plaintiff was laughing and playing when she left at the time she was discharged. The evidence, aside from the memorandum, was such that the jury's failure to find an injury would not have been in such disregard of the preponderance of the evidence as to be clearly wrong. On the other hand, the evidence was such that a jury's finding of injury would have been sustained by sufficient evidence. While this fact is not controlling it is one of the factors to be considered in determining whether an erroneous ruling was of such harmful character as to require reversal.

The harmful effect of the ruling being considered in this case may be demonstrated by contrasting the facts here with those in Perez v. San Antonio Transit Company, *supra*, wherein the court held that the er-

roneous admission of a memorandum was harmless and did not require reversal. In that case an erroneously admitted report of investigation related to the point at which a collision occurred. The bus driver who had made the investigation and report confirmed it by oral testimony. The court pointed out that the fact referred to in the report was an evidentiary and not a controlling one. The fact recited in the report was testified to in person by the maker of the report. Furthermore, the jury found that the plaintiff who was seeking to recover damages for personal injury sustained in the collision had, in fact, sustained no injury. Those facts sustained a conclusion that the error was harmless. Here the factual substance of the memorandum related to a controlling issue. Not all of the relevant facts therein were corroborated by properly admitted evidence. There was no jury finding here which rendered a finding on injury immaterial.

The error in admitting the memorandum as to the employer's investigation of the plaintiff's claimed accident was of such a harmful character as to necessitate a reversal of the trial court's judgment.

Reversed and remanded.