### Darlynn Evetts DAVIS, Appellant,

v.

### Tommy Dale DAVIS, Appellee.

### No. 13–90–098–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 28, 1990.

Rudolph Dyson, Jr., Kingsville, for appellant.

William J. Kolb, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and KEYS, JJ.

### OPINION

SEERDEN, Justice.

This is an appeal from a judgment granting a divorce to the parties and appointing

---

appellee as managing conservator of the couple's three-year-old child. By two points of error, appellant complains that the trial court abused its discretion in refusing to admit expert testimony into evidence.

■ At trial, appellee filed a motion in limine seeking to exclude a social study prepared by Angie Curiel, a social worker, who had conducted interviews and prepared a social study of the homes of both the appellant and the appellee because the study was not ordered by the court in accordance with Tex.Fam.Code Ann. § 11.12(a) (Vernon 1986). When Curiel's testimony was offered, appellee objected to its admission on the grounds that the information about which she would testify was obtained without a valid court order, and because the substance of her testimony had not been disclosed prior to trial. The trial court excluded the testimony because there was no evidence that the study was ordered by the court or agreed to by the parties.

To be admissible, evidence must be relevant, material and competent. *See Dallas Ry. & Terminal Co. v. Oehler*, 156 Tex. 488, 296 S.W.2d 757, 759 (Tex.1956); 35 Tex.Jur.3d *EVIDENCE* § 144 (1984). The proffered evidence meets these requirements. Moreover, it has been held that in civil suits, evidence which is otherwise admissible may not be excluded because it has been wrongfully obtained. *Sims v. Cosden Oil & Chem. Co.*, 663 S.W.2d 70, 73 (Tex.App.—Eastland 1983, writ ref'd n.r. e.). It is not necessary for us to determine whether the facts obtained from the parties by Ms. Curiel were wrongfully obtained or not. The trial court stated that its basis for excluding the expert's testimony was not the competency of the witness; rather, it was concerned with the manner in which the evidence was obtained. Consequently, this leads us to conclude that the trial court erred in excluding the testimony of Curiel.

■ However, we are mindful of the general rule that the determination of the admissibility of opinion testimony is a matter within the sound discretion of the trial court, and such determination will not be disturbed on appeal absent a showing of abuse. *Southwestern Bell Tel. Co. v. Sims*, 615 S.W.2d 858, 862 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). All of the basic facts upon which the social study was based were before the jury. The witness' testimony was based on conversations and visits with the parties. There was nothing in her testimony that was not based on information provided by other witnesses who testified in the case.

The ultimate issue in the case was the best interest of the child. A jury is generally able to decide this issue based on its collective experience and wisdom. While expert opinion may sometimes be helpful in assisting the jury in this most important function, we cannot say that the exclusion of such an opinion was reasonably calculated to cause and probably did cause the rendition of an improper verdict. Tex.R. App.P. 81(b)(1). Appellant's two points are overruled, and the judgment of the trial court is affirmed.