IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-238-CV





CITY OF ROUND ROCK,


 

 APPELLANT


VS.




LONNIE JOSEPH LAZRINE,



 APPELLEE




 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL
DISTRICT

 

NO. 92-029-C26, HONORABLE JOHN R. CARTER, JUDGE PRESIDING



 





 This is a personal injury case. William Lee Brown, an employee of the City of
Round Rock, was involved in an automobile collision in which his vehicle struck from behind the
vehicle driven by appellee, Lonnie Joseph Lazrine. Lazrine sustained a back injury as a result
and brought suit against appellant, the City of Round Rock ("the City"), for his injury. The City
admitted negligence on behalf of Brown. The only issues in dispute at trial were the various
damages caused by the collision. At trial, all jury findings were favorable to Lazrine. On appeal,
the City raises four points of error challenging evidentiary rulings, denial of a jury instruction,
and the factual and legal sufficiency of evidence supporting the jury's award of future medical
expenses and loss of past earning capacity. We will affirm the judgment of the trial court.



THE CONTROVERSY



 This case arose from an automobile collision in which the vehicle driven by Brown,
the City's employee, struck the rear of Lazrine's car while Lazrine was stopped at a crosswalk. 
Lazrine brought suit to recover damages for injuries he sustained in the collision. It is undisputed
that Brown was acting within the scope of his employment with the City at the time the collision
occurred.

 Prior to trial, the City admitted the following: (1) Lazrine was not negligent; (2)
Brown was negligent; (3) Brown was acting within the course and scope of his employment with
the City at the time of the collision; (4) Lazrine suffered an injury as a proximate result of
Brown's negligence; (5) medical expenses in the amount of $9,841.35 that Lazrine incurred for
treatment of his injury prior to trial were reasonable and necessary to treat such injury; and (6)
those medical expenses, as well as $5,060.00 in lost wages, were the proximate result of Brown's
negligence. Due to the City's admissions, the only issues left for the jury to consider were past
and future physical pain and mental anguish, past and future loss of earning capacity, past and
future physical impairment, and future medical expenses.

 At trial, Lazrine offered expert medical testimony from his treating physician, Dr.
Michael E. Putney. Dr. Putney testified that Lazrine suffered from a pre-existing arthritic
condition in his back called "stenosis" which was present prior to the collision, but that the
collision aggravated this condition to the point that Lazrine experienced pain in his lower back and
hip and numbness in his foot and toes. Dr. Putney operated on Lazrine on September 6, 1991,
to relieve the pressure on Lazrine's spinal nerve roots. During the surgery, Dr. Putney
discovered that Lazrine had a cracked lamina. Based on the surgery, Dr. Putney determined that
Lazrine had suffered a minimum thirteen percent permanent whole-body disability.

 Dr. Putney testified further that it was probable that Lazrine's injury would require
medical treatment in the future, although he could not predict the exact amount of care that
Lazrine would require. Lazrine was unable to return to work until December 1991, at which time
he could perform only light duty, and since then has not been able to work at the same capacity
as he had prior to the collision.

 The City attempted to introduce at trial evidence relating to the force of impact in
the collision and the amount of damage caused to Lazrine's vehicle on the ground that such
evidence was probative of Lazrine's physical pain and mental anguish. The City argued that
because the impact was slight and the damage to the vehicle minimal, Lazrine's pain and suffering
were due to his pre-existing arthritic condition and not a result of the collision. Lazrine objected
on the ground that because of the City's admissions, such evidence was no longer relevant. The
trial court sustained Lazrine's objection. In its first point of error, the City challenges the trial
court's evidentiary rulings excluding evidence of the force of impact in the collision and evidence
of the amount of damage caused to Lazrine's vehicle.

 Second, the City requested the following specific jury instruction: "You should
not consider medical evidence that is not based on a reasonable medical probability." The trial
court denied the City's proffered instruction. The City moved for a new trial based on this ruling;
the trial court denied the motion. In its second point of error, the City challenges the trial court's
denial of the City's proffered jury instruction relating to Dr. Putney's medical testimony.

 In its third and fourth points of error, the City challenges the factual and legal
sufficiency of the evidence supporting the jury's award for medical care in the future and its award
for loss of past earning capacity. The jury found in Lazrine's favor on all issues and awarded a
total of $74,518.00 in damages, which included $7,000.00 for medical care in the future and
$12,900.00 for loss of past earning capacity.



EXCLUSION OF EVIDENCE


 In its first point of error, the City contends that the trial court erred in excluding
evidence of the force of impact and the amount of damage to Lazrine's vehicle. To obtain a
reversal of a judgment based upon an error of the trial court in admission or exclusion of
evidence, the City must show that: (1) the trial court did in fact commit error; and (2) the error
was reasonably calculated to cause and probably did cause rendition of an improper judgment. 
Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989); Bridges v. City of
Richardson, 354 S.W.2d 366, 368 (Tex. 1962); see also Tex. R. App. P. 81(b).

 Admission or exclusion of evidence during trial is reviewed on appeal under an
abuse of discretion standard. Ethicon, Inc. v. Martinez, 835 S.W.2d 826, 831 (Tex. App.--Austin
1992, writ denied). A trial court abuses its discretion when it acts in an unreasonable and
arbitrary manner or without reference to any guiding principles. Beaumont Bank, N.A. v. Buller,
806 S.W.2d 223, 226 (Tex. 1992); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985). With this standard of review in mind, we consider the City's first point of
error.

 The City sought to introduce the testimony of three fact witnesses, Charles
Vaclavik, Joyce Koncak, and Helen Iselt, which is included in the record by bill of exception. 
Vaclavik, who was part-owner of the vehicle driven by Lazrine in the collision, testified that there
was a crease in the bumper of the vehicle, but that the vehicle remained fully operable. Koncak,
Lazrine's employer, testified that there was very little damage to the vehicle and that she had a
hard time understanding how Lazrine could be seriously injured due to the minimal damage to his
vehicle. Iselt, Lazrine's co-worker, testified that there were hardly any visible signs of damage
to the vehicle and that she could not believe that anything so minor could cause such a serious
injury.

 The testimony from Koncak and Iselt concerning their opinion that the collision and
resulting damage to Lazrine's vehicle was not severe enough to cause a serious injury is improper
lay witness opinion testimony. As a general rule, the testimony of a fact witness must be limited
to the facts of which the witness has personal knowledge. Duncan v. Horning, 587 S.W.2d 471
(Tex. Civ. App.--Dallas 1979, no writ). A lay witness must not give an opinion or conclusion
based on those facts. Kelso v. Hawkins, 293 S.W.2d 807 (Tex. Civ. App.--Austin 1956, writ ref'd
n.r.e.). A lay witness is precluded from giving an opinion on the amount of the damages suffered
as the result of an event or occurrence, King v. Roberts, 84 S.W.2d 718 (Tex. 1935), therefore,
Koncak and Iselt were precluded from giving their opinions as to the extent of the injury Lazrine
sustained as a result of the collision, and exclusion of such evidence by the trial court was proper.

 Additionally, the City sought to use the above testimony to prove that Lazrine's
pain and suffering resulted not from the collision, but from his pre-existing arthritic condition. 
The district court excluded the evidence, sustaining Lazrine's objection that the evidence was not
relevant to the issue of pain and suffering, because the City had admitted that Lazrine's medical
treatment was both reasonable and necessary.

 Evidence of vehicular damage and force of impact generally is relevant in
determining the issue of severity of the injury in a personal injury suit arising from an automobile
collision. Wright v. Alms. 368 S.W.2d 34, 36 (Tex. Civ. App.--Waco 1963, writ ref'd n.r.e.). 
Furthermore, when a plaintiff in a personal injury suit suffers from an infirmity not caused by the
accident that is the basis of the suit, and when the pre-existing infirmity and the injury flowing
from the negligence of the defendant are closely connected and intermingled, the plaintiff is
entitled to recover only to the extent that the defendant's negligence aggravated the plaintiff's pre-existing infirmity. Dallas Ry. & Terminal Co. v. Ector, 116 S.W.2d 683, 684 (Tex. 1938);
Armellini Express Lines of Fla., Inc. v. Ansley, 605 S.W.2d 297, 307-08 (Tex. Civ. App.--Corpus
Christi 1980, writ ref'd n.r.e); Dellinger v. McMillon, 461 S.W.2d 471, 475 (Tex. Civ.
App.--Corpus Christi 1970, writ ref'd n.r.e.).

 The City contends that the evidence of slight impact and minimal vehicular damage
tends to show that Lazrine's pain and suffering were the result of his pre-existing condition. 
However, the City admitted not only that its employee was negligent and his negligence caused
Lazrine's injury, but also that the medical expenses and treatment Lazrine received were
reasonable and necessary. Had the City not made this last admission, it might have been entitled
to introduce evidence that would tend to show Lazrine's pain and suffering were the result of his
pre-existing condition, not the result of the collision. However, by making the admission that
Lazrine's medical expenses were reasonable and necessary, the City tacitly admitted that the
collision aggravated Lazrine's pre-existing condition. Therefore, the trial court did not err by
excluding the evidence on the ground that the City's admissions rendered the evidence irrelevant. 
Point of error one is overruled.



JURY INSTRUCTION


 In its second point of error, the City contends that the trial court erred in sustaining
Lazrine's objection to the City's proffered jury instruction that stated: "You should not consider
medical evidence that is not based on a reasonable medical probability." The City requested the
instruction because it regarded certain portions of Dr. Putney's testimony as based on conjecture
and speculation. The City argues that it was entitled to its proffered jury instruction under Otis
Elevator Co. v. Wood, 436 S.W.2d 324, 331 (Tex. 1968). (1) In Otis, the parties disputed whether
the plaintiff had suffered a heart attack as the result of an injury on an escalator manufactured by
the defendant. The defendant objected to the admission of testimony from the plaintiff's treating
physician regarding the plaintiff's alleged heart condition on the ground that the testimony was
not based upon reasonable medical probability. The trial court overruled the objection and
allowed the jury to hear the testimony. On appeal, the defendant contended that the trial court
erred in admitting the doctor's testimony concerning the heart condition. The Texas Supreme
Court held it was not error for the trial court to admit such evidence. The supreme court noted
that the defendant failed to request a special instruction to exclude the evidence at the time the
charge was given to the jury. The court suggested that the proper way to object to such evidence
was to request a special instruction telling the jury not to consider the heart attack in the
assessment of damages. Id. at 332.

 In applying the Otis decision to this case, we distinguish between the jury
instruction suggested in Otis and the jury instruction proffered by the City. Otis clearly states that
the determination of whether a finding of fact rests upon reasonable medical probability is a
decision for the trial court alone to make. This is reflected in the supreme court's suggested
instruction. However, the City's proffered instruction, "You should not consider medical
evidence that is not based on a reasonable medical probability," improperly places the role of
making this determination upon the jury. If the City's instruction had been submitted, the jury
would have been asked to apply a legal standard to determine the sufficiency of the evidence, a
judicial function exclusively delegated to the courts. Therefore, the trial court was correct in
denying submission of the City's proffered jury instruction. Point of error two is overruled.



FUTURE MEDICAL EXPENSES AND LOSS OF


EARNING CAPACITY IN THE PAST



 In its third and fourth points of error, the City contends that there was insufficient
evidence to support the jury's findings of $7,000.00 for future medical expenses and $12,900.00
for loss of past earning capacity. The City challenges both the legal and factual sufficiency of the
evidence in support of these two damage awards.

 In deciding a legal sufficiency point of error, we must consider only the evidence
and inferences tending to support the finding of the trier of fact and disregard all evidence and
inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert.
denied, 498 U.S. 847 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); see generally
William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence,"
69 Tex. L. Rev. 515 (1991); Michol O'Connor, Appealing Jury Findings, 12 Hous. L. Rev. 65
(1974). In deciding a factual sufficiency point of error, we must consider and weigh all the
evidence and should set aside the judgment only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor Co.,
715 S.W.2d 629 (Tex. 1986); see generally Powers & Ratliff, supra. Based upon this standard
of review, we will examine the damages issues in question.

 In its third point of error, the City contends that the evidence in support of the
jury's award of $7,000.00 for future medical expenses was both legally and factually insufficient. 
Texas follows the "reasonable probability" rule for future medical damages for personal injury. 
Fisher v. Coastal Transp. Co., 230 S.W.2d 522, 525 (Tex. 1950); City of San Antonio v. Vela,
762 S.W. 2d 314, 320 (Tex. App.--San Antonio 1988, writ denied). Under this rule, a plaintiff
must show by a reasonable probability that medical expenses will be necessary in the future. 
Fisher, 230 S.W.2d at 523; Keller Indus., Inc. v. Reeves, 656 S.W.2d 221, 227 (Tex.
App.--Austin 1983, writ ref'd n.r.e.). A plaintiff may recover only future damages that will
"probably" occur, not those that will "possibly" occur; a plaintiff may recover only the latter. 
Id.

 The award of future medical expenses is a matter that does not require precise
evidence. Ansley, 605 S.W.2d at 311; Moore, 389 S.W.2d at 550; Edens-Birch Lumber v. Wood,
139 S.W.2d 881 (Tex. Civ. App.--Beaumont 1940, writ dism'd). The jury can take into account: 
(1) the nature of the injury, (2) the amount of necessary and reasonable medical expenses incurred
before trial, and (3) the plaintiff's physical condition at the time of trial. Hughett v. Dwyre, 624
S.W.2d 401, 407 (Tex. App.--Amarillo 1981, writ ref'd n.r.e.); Edens-Birch Lumber, 139 S.W.2d
at 887; Ansley, 605 S.W.2d at 311. The jury can then estimate the necessity of the future medical
care and the reasonableness of the associated expenses. Edens-Birch Lumber, 139 S.W.2d at 887. 
Future medical expenses need not be established by expert medical testimony based upon
"reasonable medical probability." City of San Antonio, 762 S.W.2d at 320 (citing Hughett, 624
S.W.2d at 405). Most courts require the expert doctor to estimate the amount of future medical
expenses, and the jury can award an amount greater than the doctor's estimate so long as the
estimate is reasonable. Id. at 407; see also Browning v. Paiz, 586 S.W.2d 670 (Tex. Civ.
App.--Corpus Christi 1979, writ ref'd n.r.e.).

 The record indicates that Lazrine suffered a minimum thirteen percent permanent
whole-body disability. The record also indicates that it is probable that Lazrine will require
medical care in the future as a result of his injury and will suffer a minimum of one "flare-up"
annually. Dr. Putney estimated that the expenses for future medical treatment would be roughly
$500.00 per year, including doctor visits, physical therapy, and medication.

 Furthermore, the City admitted liability for Lazrine's past medical expenses in the
amount of $9,481.35. The admission of liability for those expenses and the admission that the
expenses were reasonable and necessary had the effect of admitting that the collision aggravated
Lazrine's pre-existing arthritic condition. Therefore, the City's argument that the evidence is
insufficient to support the causal connection between Lazrine's injury and his future medical
expenses must fail.

 Considering Lazrine's permanent bodily injury from the collision, the probability
that he will require future medical treatment costing approximately $500.00 per year, and the
City's admissions of liability regarding over $9,000.00 in past medical expenses, there is
sufficient evidence from which the jury could award $7,000.00 for future medical expenses. 
Therefore, the trial court did not err in overruling the City's motion for a new trial because the
evidence supporting the jury's award was legally and factually sufficient. Point of error three is
overruled.

 In its fourth point of error, the City contends that the evidence in support of the
jury's award of $12,900.00 for loss of earning capacity in the past was legally and factually
insufficient. At trial, the City stipulated that Lazrine incurred damages in the amount of
$5,060.00 for lost wages. Prior to the collision on May 23, 1991, Lazrine worked at Sweetie
Pies, a food establishment, forty hours per week at a pay rate of $5.00 per hour. Prior to working
at Sweetie Pies, he had worked as a butcher. Lazrine continued to work after the collision until
September 5, 1991. Evidence in the record indicates that Lazrine was experiencing physical pain
in his back and legs during this period, but continued to work out of economic necessity. Lazrine
underwent back surgery on September 6, 1991, and returned to work in December. He left his
employment at Sweetie Pies on September 10, 1992. At the time of trial, Lazrine was only able
to work sixteen hours per week as a butcher, for $7.00 an hour.

 The City stipulated that Lazrine had suffered a loss in wages in the amount of
$5,060.00 for the time period between the collision and September 5, 1991, but the City argued
that this was the maximum amount of past lost wages to which Lazrine was entitled. The City's
complaint essentially is that the jury award exceeded the amount of Lazrine's lost wages. 
However, the proper measure of damages is loss of earning capacity, not loss of wages. Dallas
Ry. & Terminal Co. v. Guthrie, 210 S.W.2d 550, 551 (Tex. 1948); T.J. Allen Distrib. Co. v.
Leatherwood, 648 S.W.2d 773, 774 (Tex. App.--Beaumont 1983, writ ref'd. n.r.e.). Guthrie
holds that although lost wages may be relevant in assessing the proper amount of damages, the
proper measure is diminished earning capacity. Guthrie, 210 S.W.2d at 551. The City contends,
however, that Lazrine's earning capacity was not diminished because he continued to work as he
had prior to the accident. However, the record indicates that Lazrine was in physical pain during
the period he worked after the accident and that he was not able to work forty hours per week as
he had in the past.

 In order for Lazrine to obtain damages for loss of earning capacity, he had to prove
that his earning capacity had been harmed, and he had to prove the amount of damages with the
degree of certainty to which it is susceptible. Bonney v. San Antonio Transit Co., 325 S.W.2d
117, 121 (Tex. 1959); Ingleside v. Kneuper, 768 S.W.2d 451, 459 (Tex. App.--Austin 1989, writ
denied); Tri-State Motor Transit Co. v. Nicar, 765 S.W.2d 486 (Tex. App.--Houston [14th Dist.]
1989, no writ). A plaintiff must introduce evidence from which the jury may reasonably measure
in monetary terms his earning capacity prior to the injury. Bonney, 325 S.W.2d at 121. This
Court has held that loss of earning capacity cannot be inferred merely from the fact that an injury
occurs; there also must be proof of the extent and amount of lost earning capacity. Paschall v.
Peevey, 813 S.W.2d 710, 715 (Tex. App.--Austin 1991, writ denied). Damages for loss of earning
capacity do not have to be based on any specific degree of physical impairment, but can be based
on a composite of all factors affecting earning capacity. Exxon Corp. v. Shuttlesworth, 800
S.W.2d 902, 906 (Tex. App.--Houston [14th Dist.] 1990, no writ). Stamina, efficiency, ability
to work with pain, and the weakness and degenerative changes that naturally result from an injury
are among the factors relevant to determining whether a person has experienced an impairment
in future earning capacity. Springer v. Baggs, 500 S.W.2d 541, 544 (Tex. Civ. App.--Texarkana
1971, writ ref'd n.r.e.). Courts have consistently upheld judgments for reduced earning capacity
even though the plaintiff was making as much or even more money after the injury than before,
when it was shown that pain, weakness, diminished functional ability, or the like indicated that
the plaintiff's capacity for duration, consistency, or efficiency of work was impaired. Id. at 544-45. Evidence that Lazrine was suffering physical pain, was unable to work for the same duration
as he was prior to the accident, and was no longer physically able to do the manual aspects of his
job at Sweetie Pies indicates that Lazrine's earning capacity was diminished. Therefore, there is
both legally and factually sufficient evidence to support the jury's finding. Point of error four is
overruled.



CONCLUSION


 Finding no error, we overrule the City of Round Rock's points of error and affirm
the judgment of the trial court.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: June 22, 1994

Do Not Publish

1.   In addition to Otis, the City cites numerous cases in support of its second point of error
that explain the "reasonable probability standard" but do not address the issue of whether the
proffered jury instruction should have been submitted. See Insurance Co. of N. Am. v. Myers,
411 S.W.2d 710 (Tex. 1966); Hughett v. Dwyre, 624 S.W.2d 401 (Tex. App.--Amarillo 1981,
writ ref'd n.r.e.); American Sur. Co. v. Semmons, 413 S.W.2d 732 (Tex. Civ. App.--Tyler
1967, writ ref'd n.r.e.).